Affirmed and Opinion filed January 27, 2005









Affirmed and Opinion filed
January 27, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01116-CR

NO. 14-03-01117-CR

NO. 14-03-01118-CR

____________

 

EFRAIN SOSA, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

______________________________________________________

 

On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause Nos. 922,995; 928,953; & 928,954

______________________________________________________

 

O P I N I
O N








Appellant entered pleas of guilty
to two counts of intoxication manslaughter and one count of intoxication
assault.  He was convicted and the jury
assessed punishment at twelve years=
incarceration for each count of intoxication manslaughter and ten years for
intoxication assault.  The trial court
cumulated the intoxication manslaughter sentences, ordering the sentences to
run consecutively.  In two issues,
appellant contends the trial court erred in cumulating the sentences and in
admitting autopsy photographs at the punishment phase of trial.  We affirm.

Background

In the early morning hours of
September 2, 2002, appellant, while intoxicated, drove the wrong way on the
Katy Freeway and struck a car in a head-on collision.  As a result, two of the passengers in the
other car died and a third suffered injuries that caused him to remain in a
coma for three weeks.

Cumulation of Sentences

In his first issue, appellant
contends the trial court=s
decision to cumulate the intoxication manslaughter sentences was an abuse of
discretion.  

After the trial court sentenced
appellant, the State requested cumulation of the intoxication manslaughter
sentences.[1]  Appellant asked the court not to cumulate the
sentences and the trial court responded as follows:

Well, this is a hard
decision for the Court to decide, as well.

I am B I have not rendered a
decision as to what I was going to do in this case if this came to be.

I am, be quite honest, Mr.
Sosa, one of the last people that you want to come to trial before on these
types of cases.  I have seen far too many
crosses out there in our community which denotes people died from drunk
drivers.

You go on with your life,
the people whose lives you=ve taken are dead. 
They=re not coming back.  You=ve still got your
life.  And no matter what I do, you=ll eventually walk out of
the penitentiary and still have your life.

I witnessed a [sic]
intoxication manslaughter case when I was B while I was out of law
school, and it happened right in front of me, and the person that was killed
was a young man also in law school.  And
I testified in that case as a witness to the offense.  I=ve never forgot those
events. 

Very serious, what you=ve done.  Very serious nature, what you=ve done.








There is nothing that I
can do impose B I could give you life
sentences and still wouldn=t address the grievances and the pain and
suffering that you caused these people.

 

The court then ordered the intoxication
manslaughter sentences cumulated and appellant made no objection.

For the first time, appellant
contends on appeal that the court=s
language indicates its decision on cumulation of sentences was
predetermined.  However, because
appellant made no objection at the time the trial court made its comments, he
has waived error.  Rule of Appellate
Procedure 33.1 provides that as a prerequisite to presenting a complaint for
appellate review, a timely, specific objection or motion must be made and ruled
upon by the trial court.  Tex. R. App. P. 33.1.  This rule ensures trial courts are provided
an opportunity to correct their own mistakes at the most convenient and
appropriate time, when the mistakes are alleged to have been made.  Vidaurri v. State, 49 S.W.3d 880, 886
(Tex. Crim. App. 2001).  Although
appellant complained of the cumulation of sentences in his motion for new
trial, he did not contend the trial court had predetermined the sentence.  By failing to object to the trial court=s alleged
predetermination of punishment, appellant failed to preserve error.  See Hull v. State, 67 S.W.3d 215, 217B18 (Tex.
Crim. App. 2002) (holding failure to make contemporaneous objection at time of
sentence waived error).








Moreover, even assuming error was
preserved, the trial court was within its authority to cumulate the sentences.[2]  Due process requires a neutral and detached
judicial officer.  Jaenicke v. State,
109 S.W.3d 793, 796 (Tex. App.CHouston
[1st Dist.] 2003, pet. ref=d).  A court denies a defendant due process when
it refuses to consider the evidence or when it imposes a predetermined
punishment.  Buerger v. State, 60
S.W.3d 358, 364 (Tex. App.CHouston
[14th Dist.] 2001, pet. ref=d).  In the absence of a clear showing to the
contrary, a reviewing court will presume the trial court was neutral and
detached.  Steadman v. State, 31
S.W.3d 738, 741B42 (Tex.
App.CHouston
[1st Dist.] 2000, pet. ref=d).

Here, appellant was found guilty
of intoxication manslaughter that resulted in the deaths of two people and
serious injury to a third.  The trial
court noted the seriousness of appellant=s crime
and the difficulty in making a decision. 
The court further stated it had not decided whether to cumulate the
sentences prior to trial.  Thus, the
trial court=s comments do not reflect it had
abandoned discretion and refused to consider either the evidence or the full
range of punishment.

We recognize the law contemplates
that a trial judge shall maintain an attitude of impartiality throughout the
trial.  Blue v. State, 41 S.W.3d
129, 131 (Tex. Crim. App. 2000). 
Unfortunately, the trial court=s
comments may suggest a bias against those accused of driving while intoxicated
and intoxication manslaughter.  However, considering the totality of the
trial court=s comments, they do not demonstrate
that the court=s personal beliefs formed the basis
of the court=s decision to cumulate the
sentences.  Moreover, as noted, appellant
did not object to those comments at the time of 
trial, did not file a motion to recuse, and his only argument on appeal
regarding the trial court=s comments is that his sentence had been predetermined.

Appellant=s first
issue is overruled.

Autopsy Photographs

In his second issue, appellant
contends the trial court erred in admitting gruesome autopsy photographs during
the punishment phase.  After appellant
pleaded guilty, the trial court conducted a punishment hearing before a
jury.  During the testimony of an assistant
medical examiner, the State introduced photographs of the victims taken prior
to performance of the autopsies. 
Appellant objected under Rule 403 of the Texas Rules of Evidence that
several of the photographs were prejudicial. 
The trial court sustained appellant=s
objection as to three of the photographs, but admitted ten of the photographs.








Although admissible, evidence may
be excluded if its relevance is outweighed by a danger that it will unfairly
prejudice, confuse, or mislead the jury, if its inclusion will result in undue
delay, or if it is needlessly cumulative. 
Tex. R. Evid. 403.  Because Rule 403 favors admissibility of
relevant evidence, the presumption is that relevant evidence will be more
probative than prejudicial.  Montgomery
v. State, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990).  The burden is on the opponent of the
proffered evidence to demonstrate the prejudicial attributes of the evidence
and to show how these attributes substantially outweigh the probative value of
the evidence.  Goldberg v. State,
95 S.W.3d 345, 367 (Tex. App.CHouston
[1st Dist.] 2002, pet. ref=d), cert.
denied, 540 U.S. 1190 (2004). 
Further, in reviewing the trial court=s
decision to admit certain evidence, we may reverse only for an abuse of
discretion, that is, only when the trial court=s
decision is outside the zone of reasonable disagreement.  Weatherred v. State, 15 S.W.3d 540,
542 (Tex. Crim. App. 2000).

A court may consider the
following factors in determining whether the probative value of photographs is
substantially outweighed by the danger of unfair prejudice: the number of
exhibits offered, their gruesomeness, their detail, their size, whether they
are in color or in black and white, whether they are close‑up, and
whether the body depicted is clothed or naked. 
Hayes v. State, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002).  Autopsy photographs are generally admissible
unless they depict mutilation of the victim caused by the autopsy itself.  Rojas v. State, 986 S.W.2d 241, 249
(Tex. Crim. App. 1998).  Changes rendered
by the autopsy process are of minor significance if the disturbing nature of
the photograph is primarily due to the injuries caused by the appellant.  Santellan v. State, 939 S.W.2d 155,
173 (Tex. Crim. App. 1997).








The photographs admitted were
taken by the medical examiner=s office
prior to conducting autopsies.  The
photographs appear to be snapshots, approximately three and a half by five
inches in size.  The copies of the
photographs in the appellate record are black and white.[3]  Of the ten photographs admitted, two depict
naked bodies, two depict partially clothed bodies, two depict leg wounds, two
are of a clothed body, taken from behind, one is of the back of a victim=s head,
and one is a close-up that depicts facial wounds.  The photographs depict the wounds inflicted
by appellant and are no more
gruesome than the facts of the offense itself. 
See Sonnier v. State, 913 S.W.2d 511, 519 (Tex. Crim. App.
1995).  Any prejudice caused by the
photographs does not substantially outweigh their probative value.  Appellant=s second
issue is overruled.

The judgment of the trial court
is affirmed.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Opinion filed January 27, 2005.

Panel consists of Justices Yates, Edelman, and Guzman.

Publish C Tex. R. App. P. 47.2(b).

 











[1]  Prior to appellant=s guilty plea, the State
filed a motion to cumulate the sentences in the intoxication manslaughter
cases.  See Tex. Pen. Code Ann. ' 3.03(b) (Vernon 2004).





[2]  The penal code allows
cumulation of sentences when a defendant sustains multiple convictions of
intoxication manslaughter.  See Tex. Pen. Code Ann. ' 3.03(b)(1) (Vernon 2004).





[3]  Neither the
actual photographs, nor color photocopies, were included in the record.  If appellant believed the colors in the
actual photographs would have made a difference in our assessment of prejudice,
he should have ensured  that either the
original photographs or color photocopies were included in the record.  See Williams v. State, 958 S.W.2d 186,
196 n.10 (Tex. Crim. App. 1997).