Opinion issued May 19, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01270-CR




RODRIGO SAMUEL MEDRANO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 944829




MEMORANDUM OPINION

          Appellant, Rodrigo Samuel Medrano, was charged with the felony offense of
indecency with a child. The indictment contained two enhancement paragraphs,
which included two of appellant’s prior convictions for indecency with a child. 
Appellant pled not guilty. The jury found appellant guilty and assessed punishment
at life in the Texas Department of Criminal Justice Institutional Division.
          In two issues appellant asserts that (1) the evidence presented at trial was
legally and factually insufficient to support a conviction and (2) his punishment
constitutes cruel and unusual punishment under the Eighth Amendment to the United
States Constitution. We affirm.
Factual Background
          The eight-year-old complainant (“G.S.”) attended a church festival at Incarnate
Word Academy with his aunt, Mireya Ordaz. G.S. performed a ballet folklore during
the festival, and, after his performance, G.S. went into the bathroom to change his
clothes. Appellant entered the bathroom and locked G.S. in a stall with him. 
Appellant then pulled G.S.’s blue jeans and underwear down and stroked G.S.’s penis
with his hand.
          G.S. was able to get away from appellant by assuring him that he would come
back. Once he left the bathroom, G.S. ran to tell Ordaz what had happened. Ordaz
informed Rosalinda Romo, the festival coordinator, and Romo reported the incident
to Deputy Mitchell Gipson. G.S. told Romo and Gipson what had happened and
described appellant as wearing blue shorts, a blue shirt, tennis shoes, and glasses. 
G.S. also described appellant as having a moustache. Romo asked G.S. if he could
point out the man who had touched him. G.S. looked around and pointed to
appellant, who was standing near the kitchen door of the auditorium.
          After G.S. identified him, appellant made eye contact with Gipson and ran out
the back kitchen door of the auditorium. Appellant got away, but was arrested later
that day.
Sufficiency of the EvidenceIn his first issue, appellant contends that, because of G.S.’s inability to identify
him at trial, the evidence was legally insufficient to support his conviction. Appellant
further argues that, because he had an alibi, the evidence was factually insufficient
to support his conviction.A.In-Court IdentificationWhen conducting a legal-sufficiency review, we view the evidence in the light
most favorable to the verdict to determine whether any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155
(Tex. App.—Houston [1st Dist.] 1997, no pet.). Although a legal-sufficiency analysis
entails a consideration of all evidence presented at trial, we may neither re-weigh the
evidence nor substitute our judgment for the jury’s. King, 29 S.W.3d at 562. The
jury, as trier of fact, is the sole judge of the credibility of witnesses and may believe
or disbelieve all or any part of a witness’s testimony. Reece v. State, 878 S.W.2d 320,
325 (Tex. App.—Houston [1st Dist.] 1994, no pet.). 
          In this case, appellant was charged with indecency with a child.


 Appellant
argues that the identification evidence is insufficient because G.S. did not identify
appellant in court as the perpetrator. We disagree.
          Identity may be proven by direct evidence, circumstantial evidence, or even
inferences. See Earls v. State, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986) (noting that
victim’s misidentification of juror as perpetrator at trial was not fatal where
circumstantial evidence, including testimony of officer who arrested defendant at
scene, pointed to the defendant as the perpetrator). Proof of the accused’s identity
through circumstantial evidence is not subject to a more rigorous standard than is
proof by direct evidence, as both are equally probative. McGee v. State, 774 S.W.2d
229, 238 (Tex. Crim. App. 1989). The sufficiency of the evidence is then determined
from the cumulative effect of all the evidence. See Alexander v. State, 740 S.W.2d
749, 758 (Tex. Crim. App. 1987). The absence of an in-court identification is merely
a factor for the jury to consider in assessing the weight and credibility of the
witnesses’ testimony. See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986) (even a total failure to identify the defendant on one occasion goes only to the
weight to be given to the identification evidence).
          In the present case, the State asked G.S., “Do you see the man in the courtroom
here today, . . . [who] touched you on your penis in the bathroom?” G.S. replied,
“No.” G.S., however, positively identified appellant in a lineup a few days after the
alleged offense. G.S.’s identification was videotaped and the videotaped
identification was admitted into evidence and published for the jury. Accordingly,
the fact that G.S. did not identify appellant in court, goes to the weight of the
evidence and not its admissibility. See id.
          Additionally, after appellant was brought to the police station, Gipson
identified him as the same man G.S. pointed out at the festival. After identifying
appellant, Gipson explained that appellant had shaved his facial hair and changed
clothes, but was still wearing the same glasses he had worn at the festival. At trial,
Gipson also identified appellant as the same person whom G.S. had identified and
who had run out of the auditorium. Gipson noted that appellant looked different at
trial because he had combed his hair differently and was not wearing glasses. 
Furthermore, Romo was asked to identify the man G.S. had pointed out at the festival,
and she identified appellant both at trial and after looking a photo spread. During her
direct testimony, Romo also explained that appellant no longer had a moustache as
he did in the photograph. 
          Viewing the evidence in the light most favorable to the jury’s verdict, any
rational trier of fact could have found beyond a reasonable doubt that appellant
committed the offense of indecency with G.S. Accordingly, we hold that the
evidence is legally sufficient to support appellant’s conviction.
B.      Alibi
          Appellant further asserts that the evidence is factually insufficient to support
his conviction because he supplied an alibi witness who accounted for his
whereabouts at the time of the offense.
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof-beyond a reasonable doubt-could not have been met. See Zuniga
v. State, 144 S.W.3d 477, 483 (Tex. Crim. App. 2004).
          We must also employ appropriate deference so that we do not substitute our
judgment for that of the fact finder. See id. at 482. Our evaluation should not intrude
upon the fact finder’s role as the sole judge of the weight and credibility given to any
witness’s testimony. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 
Because it turns on an evaluation of credibility and demeanor, it is within the
province of the fact finder to determine what weight to give contradictory testimonial
evidence. Id. at 408-09. The fact finder is entitled to judge the credibility of the
witnesses and may choose to believe all, some, or none of the testimony presented. 
Id. at 407.
          Here, G.S. identified appellant at the festival. G.S. also positively identified
appellant in a lineup a few days after the alleged offense. Additionally, Gipson
identified appellant at the police station and at trial as the same man G.S. had pointed
out at the festival. Romo also identified appellant at trial and after looking at a photo
spread as the man G.S. had pointed out at the festival.
          In response, appellant presented evidence from an alibi witness, his brother-in-law, Miguel Jiminez. Jiminez testified that he was not very close to appellant and
saw him infrequently. He also testified that, on the afternoon of the offense, appellant
arrived at his house between 3:45 p.m. and 4:10 p.m. and did not leave until 4:55 p.m. 
Jiminez explained that he was not expecting appellant and that appellant dropped by
to borrow his truck to move some furniture.
          Having viewed all of the evidence in a neutral light, we find that the evidence
supporting appellant’s conviction is not too weak to support the finding of guilt
beyond a reasonable doubt; nor was the contrary evidence so strong that the beyond-a-reasonable-doubt standard could not have been met. See id. at 483. The fact finder
is entitled to judge the credibility of the witnesses and may choose to believe all,
some, or none of the testimony presented. Cain, 958 S.W.2d at 407. When the
evidence is conflicting, the jury’s verdict is generally regarded as conclusive. See
McGarity v. State, 5 S.W.3d 223, 231 (Tex. App.— San Antonio 1999, no pet). We
hold that the evidence demonstrates that the jury was rationally justified in finding
appellant guilty beyond a reasonable doubt. See King, 29 S.W.3d at 562.We overrule appellant’s first issue.

Cruel & Unusual Punishment
          In his second issue, appellant contends that his life sentence constitutes cruel
and unusual punishment under the Eight Amendment to the United States
Constitution because it punishes him “for being in the grip of an illness, without
providing an opportunity and atmosphere for treatment of his condition.” We
disagree. 
          To preserve error on appeal, the record must show that appellant made a timely
request, objection, or motion. See Tex. R. App. P. 33.1(a)(1). The constitutional right
to be free from cruel and unusual punishment may be waived if the proper request,
objection, or motion is not asserted in the trial court. See Steadman v. State, 31 S.W.
3d 738, 742 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (holding that failure
to object to 40-year sentence at sentencing hearing on basis of cruel and unusual
punishment waived Steadman’s argument on appeal).
          Appellant never objected to his sentence as violating his constitutional right to
be free from cruel and unusual punishment. Appellant also failed to raise the
argument in a post-trial motion. Accordingly, appellant has failed to preserve this
issue for review on appeal. See Tex. R. App. P. 33.1(a)(1); see also Steadman, 31
S.W.3d at 742.
          We overrule appellant’s second issue.Conclusion
          We affirm the judgment of the trial court.
                                                    
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.4.