Isaac **STEADMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–99–01080–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 19, 2000.

Wayne T. Hill, Houston, for Appellant.

John B. Holmes, Peyton Z. Peebles, III, Houston, for State.

Panel consists of Justices COHEN, NUCHIA, and SMITH.*

## OPINION

SAM NUCHIA, Justice.

Appellant was a juvenile certified to stand trial as an adult. Appellant pleaded guilty to aggravated robbery, and the court placed him on 10 years deferred adjudication. On June 16, 1998, the State filed a motion to adjudicate guilt alleging the appellant violated the terms and conditions of his probation. The court overruled the State's motion to adjudicate guilt. On April 1, 1999, the State filed a second motion to adjudicate guilt alleging that appellant violated terms and conditions of his probation by committing a new felony violation. Appellant pleaded "not true" to the allegations. The court found the allegations true, adjudicated appellant's guilt, and sentenced him to 40 years confinement. We affirm.

## ANALYSIS

### Due Process

█ In his first point of error, appellant contends he was denied due process of law at his motion to adjudicate hearing because he was deprived of the right to a neutral and detached hearing body in both receiving evidence and ruling on his punishment. Specifically, appellant contends the judge's comments evidence her lack of neutrality. The judge made the following comments at the adjudication hearing:

Stand, Mr. Steadman. You know Mr. Steadman, I am not going to mask my

disappointment given the fact that it is my reputation that is at stake whenever I let someone who goes into any place, sticks a gun in someone's face and robs them from money and gives them a chance at deferred adjudication. And I am not hesitant to do that if I believe that is the right thing to do.

Even in the face of your past, which if I am not mistaken, included the charge of aggravated robbery, another aggravated robbery in Harris County and another aggravated robbery in Fort Bend County that was pending at the time of all of this little group out of Katy High School, students who thought it was a jolly good time to go around and rob fast food restaurants. In fact, I can't remember at any time giving someone a chance other than your co-defendants who had this kind of little aggravated rampage.

And I specifically remember and so do you telling you: "Do you want this deferred adjudication? Will I see you back here. If you do not intend to be a model probationer, do not take this because if I see your face again in my courtroom, you are going to really get hit."

Mr. Steadman, you pushed me once which is more than anyone has ever done. You were back here a second time with Mr. Hill begging me to keep you on probation, that you could complete boot camp successfully. Now, let me tell you something: I send lots and lots of people to boot camp. I get very few back that they can't handle and I could have adjudicated you guilty right then and there. And you got a chance that, quite frankly, I was amazed I gave you. But you are back again. And now it comes time for punishing for your original offense.

The Court having found the allegations in the motion to adjudicate guilt to be true having considered the gravity

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

and seriousness of the crime for which you were found guilty and the evidence submitted in the presentence investigation report at the punishment hearing at which the Court gave you deferred adjudication probation, the Court hereby finds you guilty of aggravated robbery and assesses your punishment, Mr. Steadman, at forty (40) years confinement in the institutional division.

A criminal defendant placed on deferred adjudication pursuant to article 42.12(5)(a) of the Texas Code of Criminal Procedure is entitled to a hearing on his adjudication of guilt. TEX.CRIM. PROC.CODE ANN. art. 42.12(21)(b) (Vernon Supp.2000). At a probation revocation hearing, appellant has the right to a "neutral and detached" hearing body as one of the minimum requirements of due process. *See Ruedas v. State*, 586 S.W.2d 520, 523 (Tex. Crim.App.1979).

It is a denial of due process for the court to arbitrarily refuse to consider the entire range of punishment for an offense or refuse to consider the evidence and impose a predetermined punishment. *See McClenan v. State*, 661 S.W.2d 108, 109 (Tex.Crim.App.1983). However, in the absence of a clear showing to the contrary, it is presumed that the trial court's actions were correct. *See Thompson v. State*, 641 S.W.2d 920, 921 (Tex.Crim.App.1982).

The State contends appellant waived his complaint by failing to make due process objections to the procedures used by the trial court at any point in the proceedings from the time he was placed on probation through his subsequent adjudication and sentence.

To preserve error for appellate review, the complaining party must make a timely, specific objection, at the earliest opportunity, and obtain an adverse ruling.

*See* TEX.R.APP. P. 33.1; *Turner v. State*, 805 S.W.2d 423, 431 (Tex.Crim.App.1991); *Trahan v. State*, 991 S.W.2d 936, 939 (Tex. App.—Houston [1st Dist.] 1999, pet. filed). Recently, however, this court held that the contemporaneous objection rule does not apply in similar circumstances during a probation revocation hearing.

In *Hull v. State*, 29 S.W.3d 602 (Tex.App.—Houston [1st Dist.] 2000, no pet. h.), we held that the appellant did not waive his complaint by failing to object when probation was imposed. *Id.* at 606. The judge in *Hull* had apparently warned him orally, while sentencing him to probation, that no violations would be tolerated. Yet the written conditions the judge signed failed to mention "no tolerance." *Id.* at 606. Therefore, Hull, we concluded, could not have objected to the probation condition because it was never listed among the "conditions of community supervision" in the judge's order.[1] Rather, the "no tolerance" admonishment seems to have reflected the attitude of the court towards Hull. That is, the judge's remarks in *Hull* "show[ed] that the judge had committed himself to revoke probation for any violation whatsoever...." *Id.* at 605-606. This we found unacceptable.

Unlike the circumstances in *Hull*, however, the facts in the case at bar suggest no indication of harm to appellant. The present case is different from *Hull* because this judge exercised her discretion repeatedly in favor of the defendant despite her threat not to do so, which she stated when imposing deferred adjudication. When the State first moved to adjudicate guilt for "technical violations," she denied the motion and continued the defendant on probation. When she heard the second motion, she ruled against the

---

1. One additional fact brings this case within the purview of *Hull*. In this case, appellant was represented by different counsel at the deferred adjudication hearing and, 18 months later, the revocation hearing. Given that no record of the deferred adjudication hearing was available to the second counsel, too heavy a burden would be placed on the second counsel, or the appellant himself, to make a proper objection to the judge's comments during the first hearing.

742

State on its allegations of technical violations, but for the State on its allegations that appellant committed a new felony. In addition, she exercised discretion in appellant's favor in assessing a sentence far below the maximum allowed, unlike the judge in *Hull* . Thus, there is convincing evidence in the record that, again unlike the judge in *Hull*, this judge did not have "no tolerance" for appellant, she did consider the evidence, and she repeatedly made significant rulings in appellant's favor, despite her statement to the contrary. To that end, while we believe the record is clear that the judge made some ill advised statements, it is not clear that she abandoned discretion and refused to consider either the evidence or the full range of punishment.

We overrule appellant's first point of error.

### Equal Protection

In his second and third points of error, appellant contends he was denied equal protection of the law under both the United States and Texas Constitutions. Specifically, appellant contends that if he had been placed on regular or traditional probation under article 42.12(4) of the Texas Code of Criminal Procedure, rather than deferred adjudication under article 42.12(5) of the Texas Code of Criminal Procedure, upon revocation of his probation, he would have faced a maximum punishment of 10 years instead of the full range of punishment that was available to the judge in his case. Appellant argues the classification scheme that provides different possible punishments upon violation of probation is not rationally related to a legitimate state interest.

In the present case, appellant did not challenge the classification scheme that provides different possible punishments upon violation of probation at the revocation hearing. He has, therefore, not preserved this issue for our review. *See* TEX. R.APP. P. 33.1. We overrule appellant's second and third points of error.

### Imposition of Sentence

In his fourth point of error, appellant contends the trial court abused its discretion and violated the "cruel or unusual punishment" provision of the Texas Constitution, *see* TEX. CONST. art. I, § 13, by sentencing appellant to 40 years confinement because the trial court had previously found that he was deserving of deferred adjudication. Specifically, appellant contends the court assessed 40 years confinement because she was offended by his failure to appreciate the trial court's kindness in giving him numerous chances.

As noted above, to preserve error for appellate review, the appellant must make a timely, specific objection, at the earliest opportunity, and obtain an adverse ruling. *See* TEX.R.APP. P. 33.1; *Turner*, 805 S.W.2d at 431; *Trahan*, 991 S.W.2d at 939. Appellant did not object at the sentencing hearing to his 40 year sentence on the basis of cruel or unusual punishment or abuse of discretion. He has waived this point of error.

We overrule appellant's fourth point of error.

We affirm the judgment.