COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-521-CR
 
JERMAINE ROSHAWN JACKSON       
           
           
           
          
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
STATE
------------
FROM THE 396
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION (1)
------------
Jermaine Roshawn Jackson appeals his
conviction and sentence for aggravated assault causing serious bodily injury.
Appellant entered an open plea of guilty, and the trial court sentenced him to
two years' incarceration. In his sole point, appellant contends that the trial
court abused its discretion in assessing his punishment. We will affirm.
The State argues that appellant has waived
his right to appeal because he signed a written waiver of appeal prior to
sentencing. A defendant in a noncapital case may waive any right secured him by
law. Blanco v. State, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000). When a
defendant has bargained for a sentencing recommendation from the prosecution in
exchange for his waiver of the right to appeal, there is no compelling reason
why he should not be held to his bargain. Id. at 220. However, in the
absence of a plea agreement, a presentencing waiver of the right to appeal is
unenforceable. See id.; Ex parte Thomas, 545 S.W.2d 469, 470 (Tex. Crim.
App. 1977).
In this case, no plea agreement existed.
Appellant entered an open plea of guilty with no sentence recommendation. The
State has provided no support for its position that the waiver is valid and
enforceable, and there is none in the record. At the punishment hearing, the
trial court advised appellant as follows: "This was an open plea of guilty
and you have a right to appeal this - this finding of guilt, and this
punishment." Therefore, we conclude that appellant has not knowingly and
voluntarily waived his right to appeal.
In his sole point, appellant contends that
the trial court abused its discretion by sentencing him to two years'
incarceration. Specifically, appellant complains that the trial court improperly
considered the amount of time appellant had already served and his eligibility
for parole in assessing punishment. However, appellant did not object to the
sentence imposed or the trial court's statements concerning the application of
time served and parole eligibility.(2) As a
general rule, an appellant may not assert error pertaining to his sentence or
punishment where he failed to object or otherwise raise such error in the trial
court. Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986).
Therefore, because appellant failed to raise this issue at the hearing or in a
motion for new trial, the complaint was waived. See Rhoades v. State,
934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding that failure to raise issue
of cruel and unusual punishment at hearing or in motion for new trial waived
complaint); Steadman v. State, 31 S.W.3d 738, 742 (Tex. App.--Houston
[1st Dist.] 2000, pet. ref'd) (holding that failure to object on
basis of abuse of discretion waived complaint). Accordingly, we overrule
appellant's sole point of error and affirm the trial court's judgment.
 
                                                                               
PER CURIAM
 
PANEL F: CAYCE, C.J.; HOLMAN and GARDNER,
JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[Delivered March 13, 2003]

1. See Tex. R. App. P. 47.4.
2. The sentence imposed is clearly within the statutory
limits for the crime charged. Tex. Penal Code Ann. §§ 12.33, 22.02 (Vernon
2003).