Jackson v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-521-CR

JERMAINE ROSHAWN JACKSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Jermaine Roshawn Jackson appeals his conviction and sentence for aggravated assault causing serious bodily injury.  Appellant entered an open plea of guilty, and the trial court sentenced him to two years’ incarceration.  In his sole point, appellant contends that the trial court abused its discretion in assessing his punishment.  We will affirm.

The State argues that appellant has waived his right to appeal because he signed a written waiver of appeal prior to sentencing.  A defendant in a noncapital case may waive any right secured him by law.  
Blanco v. State
, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000).  When a defendant has bargained for a sentencing recommendation from the prosecution in exchange for his waiver of the right to appeal, there is no compelling reason why he should not be held to his bargain.  
Id
. at 220.  However, in the absence of a plea agreement, a presentencing waiver of the right to appeal is unenforceable.  
See id
.; 
 E
x
 parte Thomas
, 545 S.W.2d 469, 470 (Tex. Crim. App. 1977).  

In this case, no plea agreement existed.  Appellant entered an open plea of guilty with no sentence recommendation.  The State has provided no support for its position that the waiver is valid and enforceable, and there is none in the record.  At the punishment hearing, the trial court advised appellant as follows: “This was an open plea of guilty and you have a right to appeal this – this finding of guilt, and this punishment.”  Therefore, we conclude that appellant has not knowingly and voluntarily waived his right to appeal. 

In his sole point, appellant contends that the trial court abused its discretion by sentencing him to two years’ incarceration.  Specifically, appellant complains that the trial court improperly considered the amount of time appellant had already served and his eligibility for parole in assessing punishment.  However, appellant did not object to the sentence imposed or the trial court’s statements concerning the application of time served and parole eligibility.
(footnote: 2)  As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court.  
Mercado v. State
, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986).  Therefore, because appellant failed to raise this issue at the hearing or in a motion for new trial, the complaint was waived.  
See Rhoades v. State
, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding that failure to raise issue of cruel and unusual punishment at hearing or in motion for new trial waived complaint); 
Steadman v. State
, 31 S.W.3d 738, 742 (Tex. App.—Houston [1
st
 Dist.] 2000, pet. ref’d) (holding that failure to object on basis of abuse of discretion waived complaint).  Accordingly, 
we overrule appellant’s sole point of error and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[Delivered March 13, 2003]

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
The sentence imposed is clearly within the statutory limits for the crime charged.  
Tex. Penal Code Ann.
 §§ 12.33
, 22.02 (Vernon 2003).