Opinion issued February 10, 2005.








In The
Court of Appeals
For The
First District of Texas




NOS. 01-04-0412-CR
           01-04-0413-CR
           01-04-0414-CR
           01-04-0415-CR
           01-04-0416-CR
           01-04-0417-CR




AMBROCIO YANEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause Nos. 962751, 962462, 962243, 962244, 
962245, and 961783



    

MEMORANDUM OPINION

          Appellant, Ambrocio Yanez, was charged with five separate aggravated
robberies and a separate felony offense of credit card abuse. Appellant pled guilty
to all five aggravated robberies and the offense of credit card abuse, without agreed
punishment recommendations. Following a pre-sentence investigation (PSI) hearing,
the trial court found appellant guilty and sentenced him to 50 years’ confinement for
each aggravated robbery offense and 2 years’ confinement for the credit card abuse,
each sentence to run concurrently. 
          In two issues, appellant asserts that (1) he was denied due process and due
course of law and (2) his sentences for each charged offense constituted cruel and
unusual punishment. We affirm the judgments of the trial court.
Due Process and Due Course of Law
          In his first issue, appellant argues that the trial court denied him due process
and due course of law because it failed to consider all of the evidence in assessing his
sentence for the charged offenses. We disagree.
          Appellant admits that his trial counsel failed to object to the trial court’s
sentence at the PSI hearing. However, appellant argues that he is still entitled to
challenge his sentence on appeal because he was denied due process and deprived of
his fundamental right to have an impartial judge at trial. Specifically, appellant
argues that the trial court did not consider the facts of each charge in assessing his
punishment, but rather only considered the “sheer number” of offenses to which
appellant pled guilty. Appellant also contends that the trial court improperly
considered each of appellant’s charged offenses as being “nearly the equivalent of a
capital murder charge” in determining his sentence.
          Generally, an appellant must object at trial in order to preserve error for
appellate review. Tex. R. App. P. 33.1(a)(1). However, appellate courts are
permitted to take notice of fundamental errors affecting substantial rights even though
they are not brought to the attention of the trial court. Jasper v. State, 61 S.W.3d
413, 420 (Tex. Crim. App. 2001) (referring to Tex. R. Evid. 103 (d)). Accordingly,
unless a trial court’s comments constitute fundamental error, a defendant must object
to preserve error on appeal. Id. at 421.
          Constitutional rights, including the right of due process and due course of law,
may be waived if the proper request, objection, or motion is not asserted in the trial
court. See Solis v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997,
pet. ref’d) (noting that almost every constitutional and statutory right may be waived
by failing to object in the trial court). The failure to make a specific objection at trial
waives a party’s complaint on appeal. Curry v. State, 910 S.W.2d 490, 496 (Tex.
Crim. App. 1995). 
          In this case, appellant failed to object to the court’s sentence as violating his
constitutional rights of due process and due course of law. Appellant maintains,
however, that the trial court’s alleged bias constitutes fundamental error, which
requires reversal. As evidence of bias, appellant offers the following comments that
were made by the trial court during the PSI hearing:
          There is absolutely no doubt in my mind that your upbringing, the
exposure to the violence that you experienced, watching your mother
almost be killed, not having a father, have a tremendous - - all of which
had a tremendous impact on who you are. That offers mitigation. It also
offers the Court a lot of concern because it explains to a large extent
who you are.
          And while you have indicated through your letters some insight
into this at this point in time, it is very difficult for me to get past the
sheer number of violent crimes that you committed in this county.
          No matter what you think, you could be looking at a capital
murder charge. I’ve seen it happen all too many times. So you can
rationalize your violence and your restraint all you want; and regardless
of your intent, it does not change the impact that your crimes have had
on each and every one of those victims. These weren’t sporadic, spur of
the moment, impulsive robberies. They involved a tremendous amount
of premeditation and determination time and time again.In support of his argument, appellant relies solely on the concurrence in a plurality
opinion from Blue v. State, 41 S.W.3d 129 (Tex. Crim. App. 2000) (holding that the
trial judge’s comments to the jury tainted the defendant’s presumption of innocence
and were fundamental error that did not require an objection). 
          We disagree with appellant’s characterization of the trial court’s comments.
These comments are insufficient to show that the judge did not consider all of the
evidence in assessing appellant’s sentence for each individual offense charged,
thereby depriving appellant of his right to due process and due course of law. To the
contrary, the record reflects that the trial court reviewed the PSI report and heard
evidence from appellant and the State before assessing punishment. 
          Accordingly, because he failed to make a constitutional challenge in the trial
court and because he failed to show fundamental error, appellant has not preserved
this issue for appellate review. See Tex. R. App. P. 33.1(a)(1).
          We overrule issue one.
Cruel and Unusual Punishment 
          In his second issue, appellant contends that the trial court’s sentence of 50
years’ confinement for each aggravated robbery offense constituted cruel and unusual
punishment. We disagree.
          To preserve error on appeal, the record must show that appellant made a timely
request, objection, or motion. See Tex. R. App. P. 33.1(a)(1). The constitutional right
to be free from cruel and unusual punishment, may be waived if the proper request,
objection, or motion is not asserted in the trial court. See Steadman v. State, 31 S.W.
3d 738, 742 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d) (holding that failure
to object to the 40-year sentence at the sentencing hearing, on the basis of cruel and
unusual punishment, waived defendant’s argument on appeal).
          Like the defendant in Steadman, appellant never objected to his sentence as
violating his constitutional right to be free from cruel and unusual punishment.
Appellant also failed to raise the argument in a post-trial motion. Accordingly,
appellant has failed to preserve this issue for review on appeal. See Tex. R. App. P.
33.1(a)(1). 
          We overrule appellant’s second issue.
Conclusion
          We affirm the judgment of the trial court.

 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.4.