In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00912-CR

____________


LAKESHIA STALLWORTH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court 

Harris County, Texas

Trial Court Cause No. 1059174





MEMORANDUM OPINION


 A jury convicted appellant, LaKeshia Stallworth, of the felony offense of injury
to a child, enhanced by her prior burglary conviction, and sentenced her to life in
prison. See Tex. Penal Code Ann. § 22.04(a)(1) (Vernon Supp. 2006); Tex. Penal
Code Ann. § 12.42(c) (Vernon Supp. 2005). In two points of error, appellant
contends that her life sentence was cruel and unusual punishment, and that the trial
court erred by denying her Batson (1) challenge. We affirm.

Factual Background

 While living at her mother's house in January 2006, appellant drew a steaming
hot bath and forced her five-year-old child, T.S., into the water. Appellant's teenage
daughter testified at trial that steam was coming off T.S.'s body when the child got
out of the bathtub, and that appellant later cut away skin that blistered on T.S.'s legs. 
 Appellant later moved to her own apartment. At that location, T.S. was kept 
nude and bound in either the laundry room or the patio closet. The record shows that
T.S. was kept in the patio closet during February and, in addition, that appellant
whipped T.S. with an extension cord. When she discovered how appellant was
treating T.S., appellant's mother informed police, who took T.S. to a hospital for
treatment. 

Disproportionate Punishment Challenge

 In her first point of error, appellant contends that her sentence violates the
Eighth Amendment of the United States Constitution, the Texas Constitution, and the
Code of Criminal Procedure, on the grounds that her life sentence was unjustified and
disproportionate to her offense. See U.S. Const. amend. VIII; Tex. Const. art. I §
13; Tex. Code Crim. Proc. Ann. art. 1.09 (Vernon 2005). The State contends that
appellant waived her complaint because she did not object to the sentence in the trial
court. 

 Well-settled law recognizes that almost every right, whether constitutional or
statutory, may be waived by failing to object. Smith v. State, 721 S.W.2d 844, 855
(Tex. Crim. App. 1986); Solis v. State, 945 S.W.2d 300, 301 (Tex. App.--Houston 
[1st Dist.] 1997, pet. ref'd). To preserve error for appellate review, an appellant must
object timely, with reasonable specificity, and obtain an adverse ruling. Tex. R. App.
P. 33.1(a); Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991); Steadman
v. State, 31 S.W.3d 738, 742 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd). Failure
to object specifically to an allegedly disproportionate sentence in the trial court
waives any error. See, e.g., Nicholas v. State, 56 S.W.3d 760, 768 (Tex.
App.-Houston [14th Dist.] 2001, pet. ref'd) (holding that defendant waived cruel and
unusual punishment point of error by not objecting either at sentencing or by posttrial
motion); Steadman, 31 S.W.3d at 742 (noting that defendant's failure to object at
sentencing hearing waived point of error); Solis, 945 S.W.2d at 301 (determining that
defendant waived point of error by failing to object at sentencing). (2) 

 Appellant did not object to the trial court that her sentence was constitutionally
disproportionate and raises this challenge for the first time on appeal. Having failed
to preserve her challenge, appellant has waived error. See Tex. R. App. P. 33.1(a);
Nicholas, 56 S.W.3d at 768; Steadman, 31 S.W.3d at 742; Solis, 945 S.W.2d at 301.

 We overrule appellant's first point of error.

Batson Challenge In her second point of error, appellant contends that the trial court erred by 
denying appellant's Batson challenge because the State used its peremptory
challenges to strike the majority of the African-Americans from the venire and used
a disproportionate number of peremptory strikes to exclude African-American 
veniremembers. The State contends that appellant has not shown that the
prosecutor's race-neutral explanations were a pretext, and, therefore, that the trial
court properly denied appellant's Batson challenge. 

A. Batson-Article 35.261 Principles

 Using a peremptory challenge to strike a potential juror because of race violates
the equal protection guarantee of the United States Constitution, Batson v. Kentucky,
476 U.S. 79, 86, 106 S. Ct. 1712, 1717 (1986), as well as article 35.261 of the Code
of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 35.261 (Vernon 2006). In
the face of perceived purposeful discrimination, the defendant may request a Batson
hearing. See Tex. Code Crim. Proc. Ann. art. 35.261(a). 

 The hearing involves a three-step process. Purkett v. Elem, 514 U.S. 765,
767-68, 115 S. Ct. 1769, 1770-71 (1995); Simpson v. State, 119 S.W.3d 262, 268
(Tex. Crim. App. 2003). The defendant must first make a prima facie case of racial
discrimination, based on the totality of relevant facts about the prosecutor's conduct
during the trial. Miller-El v. Dretke, 545 U.S. 231, 239, 125 S. Ct. 2317, 2324
(2005); Purkett, 514 U.S. at 767, 115 S. Ct. at 1770; Simpson, 119 S.W.3d at 268; see
Tex. Code Crim. Proc. Ann. art. 35.261. If the defendant makes a prima face case,
the burden of production shifts to the State to present a race-neutral reason for its
challenged strike, a reason that is "a clear and reasonably specific explanation of his
legitimate reasons" for exercising its strike. Miller-El, 545 U.S. at 239, 125 S. Ct. at
2324; see also Tex. Code Crim. Proc. Ann. art. 35.261(a) ("If the defendant
establishes a prima facie case, the burden then shifts to the attorney representing the
state to give a racially neutral explanation for the challenges."). A reason is deemed
race neutral if no discriminatory intent is inherent in the prosecutor's explanation. 
Purkett, 514 U.S. at 768, 115 S. Ct. at 1771; Thomas v. State, 209 S.W.3d 268, 270
(Tex. App.-Houston [1st Dist.] 2006 no pet.). 

 When the prosecutor responds by offering a race-neutral explanation, the
inquiry whether the defendant has made a prima facie case becomes moot, Simpson,
119 S.W.3d at 268, and the defendant may rebut the State's explanation. Jasper v.
State, 61 S.W.3d 413, 42 (Tex. Crim. App. 2001). In the third and final step, the trial
court must decide whether the defendant carried the burden to establish purposeful
discrimination. Miller-El, 545 U.S. at 239, 125 S. Ct. at 2325; Purkett, 514 U.S. at
768, 115 S. Ct. at 1771; Simpson, 119 S.W.3d at 268. The trial court's inquiry
addresses whether the prosecutor contrived the neutral reasons provided for the
peremptory challenge in order to conceal racially discriminatory intent. Jasper v.
State, 61 S.W.3d at 421.

 Throughout the challenge, the burden of persuasion remains with the
defendant, Tex. Code Crim. Proc. Ann. art. 35.261(a), who may continue to rebut
the prosecutor's explanations before the trial court decides the Batson challenge. 
Purkett, 514 U.S. at 768, 115 S. Ct. at 1771; Simpson, 119 S.W.3d at 268 & n.48; see
Thomas, 209 S.W.3d at 270.

B. Standard of Review

 We cannot reverse a trial court's ruling on a Batson challenge unless it is
clearly erroneous. See Gibson v. State, 144 S.W.3d 530, 534 (Tex. Crim. App. 2004)
(holding that court of appeals erred in applying standard). To hold that a trial court
clearly erred, we must have a "definite and firm conviction that a mistake has been
committed." Goldberg v. State, 95 S.W.3d 345, 385 (Tex. App.--Houston [1st Dist.]
2002, pet. ref'd). We may not substitute our opinion for the trial court's factual
assessment of the neutrality of the prosecutor's explanation for exercising strikes, and
we focus on the genuineness, rather than the reasonableness, of the prosecutor's
asserted nonracial motive. Gibson, 144 S.W.3d at 534 & n.5 (citing Purkett, 514 U.S.
at 769, 115 S. Ct. at 1771-72). We give great deference to the trial court's
determination, and we view the evidence in the light most favorable to the trial
court's ruling. Gibson, 144 S.W.3d at 534 n.6 (citing Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997)); Jasper, 61 S.W.3d at 422. 

C. Batson Hearing

 In response to the State's exercise of its strikes, appellant's trial counsel
asserted a Batson challenge, contending that the State had struck veniremembers 1,
11, 18 and 31, based solely on race. The prosecutor replied that his primary reason
for striking these individuals was their response to his inquiry regarding whether
punishment or rehabilitation was the purpose of the criminal justice system. The
prosecutor stated that he had additional reasons for excluding these members of the
venire, but explained that their shared preference for rehabilitation was his basic
reason. The prosecutor pointed out that the jury about to be empanelled included an
African-American whom the prosecutor had not struck. In addition, the prosecutor
explained that he had excluded not only veniremembers 1, 11, 18 and 31, but every
member of the venire who had responded that the purpose of the criminal justice
system was rehabilitation and not punishment. The record confirms that the
prosecutor struck ten potential jurors, including veniremembers 1, 11, 18, and 31, all
of whom had stated their preference that rehabilitation, and not punishment, is the
purpose of the criminal justice system. 

 In response, appellant's counsel opined that preference of rehabilitation over
punishment was a "well-known fact" in the African-American community, and that
"virtually four-fifths" of the African-American venire stated a preference for
rehabilitation. The trial court ruled that the State's reason was race neutral and
denied the Batson challenge. 

D. Analysis

 A belief that rehabilitation is the primary purpose of the criminal justice system
may adversely impact a juror's ability to assess punishment. See Adanandus v. State,
866 S.W.2d 210, 224-25 (Tex. Crim. App. 1993). Adanandus was a death-penalty
case in which the Court of Criminal Appeals affirmed, as not clearly erroneous, a trial
court's ruling that the State had excused a veniremember for "numerous race neutral
reasons." Id. at 225. Among the race-neutral reasons advanced by the prosecutor was
the veniremember's belief that rehabilitation is the primary goal of punishment. Id.
at 224-25. Later cases relying on Adanandus recognize that a veniremember's belief
that rehabilitation is the primary goal of punishment in the criminal justice system can
be a race-neutral reason for exercising a peremptory challenge. See Montgomery v.
State, 198 S.W.3d 67, 76 (Tex. App.--Fort Worth 2006, pet. ref'd); Victor v. State,
995 S.W.2d 216, 222 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd) (both citing
Adanandus, 866 S.W.2d at 224-25). 

 In accordance with Adanandus, Montgomery, and Victor, we hold that the
prosecutor stated race-neutral reasons for his strikes. See Adanandus, 866 S.W.2d at
224-25; Montgomery, 198 S.W.3d at 76; Victor, 995 S.W.2d at 222. (3) We next
address whether the trial court clearly erred by rejecting appellant's claim that the
reason advanced was pretextual. See Gibson, 144 S.W.3d at 534. 

 As in both Montgomery and Victor, the record in this case establishes that the
prosecutor struck every member of the venire, including four African-Americans,
who stated a preference for rehabilitation over punishment as the primary goal of the
criminal justice system. See Montgomery, 198 S.W.3d at 76; Victor, 995 S.W.2d at
222. In addition, the prosecutor noted that he chose not to strike another African-American who was eventually seated on the jury. We hold that the trial court did not
err by failing to conclude that the prosecutor's stated reason was a pretext for racial
discrimination. Tex. Code Crim. Proc. Ann. art. 35.261(a); Simpson, 119 S.W.3d
at 268. Thus lacking a "definite and firm conviction that a mistake has been
committed," see Goldberg, 95 S.W.3d at 385, we further conclude that the trial
court's ruling was not clearly erroneous. Gibson, 144 S.W.3d at 534. 

 We overrule appellant's second point of error.


Conclusion


 We affirm the judgment of the trial court. 





 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland. 


Do not publish. Tex. R. App. P. 47.2(b)
1. Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986).
2. Appellant does not contend that her assessed punishment was fundamental error.
3. Because the State offered a race-neutral explanation, we need not address whether
appellant made a prima facie case of racial discrimination. See Simpson v. State, 119
S.W.3d 262, 268 (Tex. Crim. App. 2003).