Opinion issued January 31, 2008                                                                 



               
                                                                               
             





 






In The
Court of Appeals
For The
First District of Texas




NOS. 01-06-00251-CR
          01-06-00252-CR
          



GERALYN LOUISE DELANEY MUSTAFA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause Nos. 1043510 and 906801




MEMORANDUM OPINION
          In appellate cause number 01-06-00251-CR, appellant, Geralyn Louise Delaney
Mustafa, appeals from a judgment for the state jail felony of theft for which she was
sentenced to six months’ confinement in a state jail facility.


 See Tex. Penal Code
Ann.§ 31.03(e)(4)(D) (Vernon Supp. 2007). Appellant also appeals a judgment in
appellate cause number 01-06-00252-CR for the second degree felony of theft for
which she was sentenced to two years’ confinement in the state penitentiary and a
$750 fine.


 See Tex. Penal Code Ann. § 31.03(c) (Vernon Supp. 2007); Id.
§ 12.35(a) (Vernon Supp. 2007) . In two issues, appellant contends that the trial court
abused its discretion by sentencing her to confinement rather than to community
supervision. We conclude that by failing to object in the trial court to her sentences,
appellant has not preserved her appellate challenges. We affirm the trial court’s
judgments.
Background
          Appellant was indicted in trial cause number 906801 for an August 2001 theft
of clothing valued between $1,500 and $20,000 dollars, an offense that carried a
punishment range as a second degree felony due to the inclusion of prior convictions
as punishment enhancement allegations. In 2002, appellant pleaded guilty with an
agreed plea bargain for punishment of ten years’ community supervision, $750 fine,
90 days in jail, and other conditions. 
          While on the community supervision, appellant was indicted in trial cause
number 1043510 for theft of plant containers that occurred September 2005. The new
charge carried the punishment range of a state jail felony because the value of the
plant containers was under $1,500 dollars and the indictment alleged two prior felony
convictions for thefts. The State used this charge of theft of plant containers as the
basis to file a motion to revoke the community supervision, and also alleged
violations for failure to pay supervision and laboratory fees, as directed under the
terms of the probation.
          Appellant pleaded guilty to the theft of the plant containers without an agreed 
punishment recommendation. Also without an agreed recommendation, appellant
pleaded true to the allegations in the motion to revoke the community supervision. 
After admonishing appellant regarding the consequences of her plea of guilty and her
plea of true, the trial court accepted the pleas. Appellant waived her right to have a
court reporter record the pleas. 
          At a sentencing hearing several months later, the trial court found appellant
guilty of the theft of the plant containers and sentenced her to six months in the state
jail. That same day, the trial court found true the allegations in the motion to revoke
the community supervision and sentenced appellant to two years in the penitentiary
and assessed a $750 fine. The trial court ordered the sentences to run concurrently. 
The trial court certified that appellant had the right of appeal in each of the cases
because the sentences were not the result of plea-bargains. No objections to the
court’s sentences were made, nor did appellant file a motion for new trial or any post-conviction motions.


           After we received the appeal, we abated the appeal to have the trial court
conduct a hearing to determine whether medical records that were admitted at the time
of sentencing were still available. The abatement was lifted after we received the
records. The medical records show that appellant was a patient receiving
psychological counseling and medication for a diagnosis of bipolar disorder. 
According to the psychologist’s report, appellant was remorseful with a desire to
change past behavior. Sentencing Decision
          Contending that the record shows that she is mentally ill, appellant asserts in her 
two issues that the trial court abused its discretion by sentencing her to confinement
rather than to community supervision for each of the cases. Having pleaded guilty and
true to the allegations, appellant does not challenge the sufficiency of the evidence to
support the trial court’s decision to find her guilty of the offenses. We also note that
appellant does not contend that the sentences, which are the statutory minimum
periods for confinement for each of the offenses, are cruel or unusual. Rather,
appellant challenges only the trial court’s discretion to sentence her to confinement
over community supervision. Appellant asserts community supervision was more
appropriate so that she could continue to receive treatment for her mental illness that
“caused her to commit the crimes for which she was convicted.” Citing to Flournoy
v. State, appellant contends we should circumvent the trial court’s decision because
the record speaks for itself since “everything was submitted by paper.” See Flournoy
v. State, 589 S.W.2d 705 (Tex. Crim. App. 1979).



          It is well established that almost every right, constitutional and statutory, may
be waived by failing to object. Jacoby v. State, 227 S.W.3d 128, 130 (Tex.
App.—Houston [1st Dist.] 2006, pet. ref’d); Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d) (citing Smith v. State, 721 S.W.2d 844,
855 (Tex. Crim. App. 1986)). To preserve error for appellate review, a timely and
reasonably specific objection, followed by an adverse ruling, is required. Tex. R. App.
P. 33.1(a); Steadman v. State, 31 S.W.3d 738, 742 (Tex. App.—Houston [1st Dist.]
2000, pet. ref’d) (citing Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App.
1991)). The failure to specifically object to an alleged disproportionate sentence in
the trial court or in a post-trial motion waives any error. See, e.g., Nicholas v. State,
56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d); Steadman,
31 S.W.3d at 742; Solis, 945 S.W.2d at 301. Here, appellant neither objected to the
alleged abuse of discretion in the determination of the sentences in the trial court, nor
did she raise the issues in post-trial motions; she is raising this complaint for the first
time on appeal. Her argument, therefore, is not preserved for review. See Tex. R.
App. P. 33.1(a). We overrule appellant’s two issues.
 Conclusion
          We affirm the trial court’s judgments.
 
 
Elsa Alcala
Justice
Panel consists of Justices Taft, Keyes, and Alcala.
Do not publish. See Tex. R. App. P. 47.2(b).