**Opinion issued September 16, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-13-00791-CR**

_____

**RALPH ERNEST ALONSO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1327731**

**MEMORANDUM OPINION**

Appellant Ralph Ernest Alonso pleaded guilty to murder, a first-degree felony, without an agreed recommendation as to punishment. *See* TEX. PENAL CODE ANN. § 19.02(c) (West 2011). The trial court sentenced him to imprisonment for 60 years. Alonso argues that the trial court should have granted him a new trial

because his sentence violates the Fourteenth Amendment's Due Process clause and the Eighth Amendment's Cruel and Unusual Punishment clause. U.S. CONST. amends. VIII, XIV. Because there was no objection in the trial court to the constitutionality of the sentence, the issue has been waived, and we affirm.

## Background

Appellant Ralph Ernest Alonso believed that he had been cheated out of $60 in a failed marijuana deal. Angel Serrano had agreed to buy some marijuana for him from an unfamiliar man. That person accepted Alonso's money but failed to deliver the drugs. Serrano identified the swindler as complainant Warren Keith White, who worked at a grocery store.

Alonso drove to the store where White worked, joined by Serrano and two others, Jessie Lurue Nelson, Jr. and Daniel Porter. Nelson carried a gun in the front seat of the car while Porter and Serrano rode in the back. When they arrived, they waited in the parking lot for White to go to his car. From inside the store, White noticed Alonso's group in the vicinity of his car and suspected them of planning to steal it. He called a friend, Justin Scarbrough, for help. The two then approached Alonso's car in Scarborough's sedan.

Scarborough pulled his car alongside Alonso's. White got out and approached his car from the passenger's side. Nelson then shot White several times in the head and chest, killing him.

2

Alonso and Nelson both pleaded guilty to murder. Punishment was tried to the bench. After a hearing, Alonso was sentenced to imprisonment for 60 years and Nelson received a 20-year sentence.

Although the evidence showed that Nelson was the shooter, prior to pronouncing sentence, the trial court explained that it believed Alonso was more culpable because his money and actions put the "entire episode into motion." Additionally, the trial court emphasized that evidence adduced at the sentencing hearing showed Alonso had lied to the Katy Police Department, had been unsure that it was the complainant who stole his money, and had tried to blame his actions on other distractions and excuses. After sentencing, the trial court asked Alonso if there was any reason his sentence should not be pronounced, and he answered in the negative. Alonso filed a motion for new trial, which was overruled by operation of law, and then he filed a timely written notice of appeal.

**Analysis**

In his sole issue on appeal, Alonso contends that the trial court abused its discretion, in violation of the Due Process and Cruel and Unusual Punishment Clauses of the United States Constitution, by sentencing Alonso to 60 years in prison. He argues that the sentence is unconstitutional because it is disproportionate to the crime. The State argues that this issue was waived.

3

As a prerequisite to presenting a complaint for appellate review, a party must make the complaint known to the trial court by a timely request, objection, or motion that states the grounds for the ruling of the complaining party sought from the trial court with sufficient specificity to make the court aware of the complaint and obtain a ruling from the trial court. TEX. R. APP. P. 33.1(a).

Alonso did not object and therefore has waived his complaints on appeal, *see id.*, unless the alleged error of which he complains was a fundamental error affecting substantial rights, in which case no objection is necessary to preserve error. TEX. R. EVID. 103(d); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Steadman v. State*, 31 S.W.3d 738, 742 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). However, a defendant's claim that he received a disproportionate sentence does not present an issue of fundamental error. *See Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding that defendant waived his complaint on appeal because he failed to object to his punishment violating the Eighth Amendment for being disproportionate). Therefore, Alonso's failure to object waived his appellate complaint. *Rhoades*, 934 S.W.2d at 120; *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *Steadman*, 31 S.W.3d at 742.

Alonso also relies upon *North Carolina v. Pearce*, 395 U.S. 711 (1969), in which the Supreme Court held that due process "requires that vindictiveness

against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." 395 U.S. at 725, 89 S. Ct. at 2080. *Pearce*, however, is inapplicable to the case before us because Alonso does not contend that he was sentenced following a successful attack on a prior conviction.

Appellant's issue is overruled.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish.  Tex. R. App. P. 47.2(b).