ACCEPTED
01-14-00507-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/19/2015 5:17:37 PM
CHRISTOPHER PRINE
CLERK

**Nos. 01-14-00505-CR, 01-14-00506-CR, 01-14-00507-CR**

In the

**COURT OF APPEALS**

For the

**FIRST SUPREME JUDICIAL DISTRICT**

At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/19/2015 5:17:37 PM
CHRISTOPHER A. PRINE
Clerk

**Appeal in Nos. 12-DCR-059-402, 12-DCR-059524, 12-DCR-059902**

240th District Court of Fort Bend County, Texas

**DANIEL DESANTIAGO-CARAZA**

*Appellant*

*v*

**THE STATE OF TEXAS**

*Appellee*

**STATE'S APPELLATE BRIEF**

*Counsel for Appellee*

**JOHN F. HEALEY**
DISTRICT ATTORNEY
268TH JUDICIAL DISTRICT
FORT BEND COUNTY, TEXAS

**JOHN J. HARRITY, III**
ASSISTANT DISTRICT ATTORNEY
FORT BEND COUNTY, TEXAS
SBN # 09133100
John.Harrity@fortbendcountytx.gov
309 South Fourth Street, 2nd floor
Richmond, Texas 77469
281-341-4460 (Tel.)
281-238-3340 (Fax)

# IDENTIFICATION OF PARTIES

Pursuant to Tex. R. App. P. 38.1, a complete list of the names of all interested parties is provided below so the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

Appellant:
**DANIEL DESANTIAGO-CARAZA**

Appellee:
**THE STATE OF TEXAS**

**Counsel for Appellee/State:**
**JOHN F. HEALEY, JR.**
**District Attorney**
**of Fort Bend County, Texas**
**268TH Judicial District**

**Address(es):**
**Fort Bend County**
**District Attorney's Office**
**301 Jackson Street, Rm 101**
**Richmond, Texas 77469**

**TYRA MCCOLLUM**
**Assistant District Attorney**
**Fort Bend County, Tx.**
**(Trial)**

**(Same)**

**STUTI PATEL**
**Assistant District Attorney**
**Fort Bend County, Tx.**
**(Trial)**

**(Same)**

**JOHN J. HARRITY, III**
**Assistant District Attorney**
**Ft. Bend County, Tx.**
**(Appeal Only)**

**(Same)**

**Counsel for Appellant:**            **Address(es):**

**DON HECKER**            **200 IH 90A, Ste B**

           **Richmond, Texas 77469**

**(Trial Only)**


**Counsel for Appellant:**            **Address(es):**

**MICHAEL ELLIOTT**            **905 Front Street**

           **Richmond, Texas 77469**

**(Appeal Only)**

**Trial Judge:**

**The Hon. Lee Duggan**

**240th District Court of Fort Bend County, Texas**

# TABLE OF CONTENTS

**SECTION**                                                          **PAGE**

IDENTIFICATION OF PARTIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REPLY TO APPELLANT'S FIRST POINT OF ERROR. . . . . . . . . . . . . . . . . . 2

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# INDEX OF AUTHORITIES

**CASES**                                                                     **PAGE**

*Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . 6

*Buerger v. State*, 60 S.W.3d 358, 363 (Tex. App. - Houston [14th Dist.] 2001, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). . . . . . . . . . . . . . . . 4

*Ex parte Brown*, 158 S.W.3d 449, 456-57 (Tex. Crim. App. 2005). . . . . . . . . . . . 5

*Hull v. State*, 67 S.W.3d 215, 218 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . . . 4

*Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim,. App. 1984). . . . . . . . . . . . . . 5

*Jiminez v. State*, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000).. . . . . . . . . . . . . . . 4

*Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . 4

*McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983), *overruled on other grounds by DeLeon v. Aguilar*, 127 S.W.3d 1,5 (Tex. Crim. App. 2004). . . . . . . . 5

*Steadman v. State*, 31 S.W.3d 738, 741 (Tex. App. - Houston [1st Dist.] 2000, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATUTES AND RULES**

Tex. R. App. P. 33.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. R. App. P. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. R. App. P. 38.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

## STATEMENT REGARDING ORAL ARGUMENT

The State does not believe oral argument is necessary in the present case. However, should the Court decide that it wants to hear oral argument in this case, the State would request that it be allowed to present oral argument.

**Nos. 01-14-00505-CR, 01-14-00506-CR, 01-14-00507-CR**

In the

**COURT OF APPEALS**

For the

**FIRST SUPREME JUDICIAL DISTRICT**

At Houston

---

**Appeal in Nos. 12-DCR-059-402, 12-DCR-059524, 12-DCR-059902**

240th District Court of Fort Bend County, Texas

---

**DANIEL DESANTIAGO-CARAZA**

*Appellant*

*v*

**THE STATE OF TEXAS**

*Appellee*

---

**TO THE HONORABLE COURT OF APPEALS:**

**STATEMENT OF THE CASE**

On December 9, 2013, Appellant pled guilty to three offenses: arson in cause number 12-DCR-59902; aggravated assault in cause number 12-DCR-59524; and aggravated robbery in cause number 12-DCR-59402, with no agreed recommendation as to punishment. The case was reset to await a pre-sentence investigative report. (1 R.R. 7). Following the hearing, the trial court found Appellant guilty, and sentenced Appellant to sixty (60) years in the Institutional Division of the Texas Department of Criminal Justice for the aggravated robbery with a deadly weapon, twenty (20) years in the Institutional Division of the Texas Department of Criminal Justice for the

aggravated robbery and twenty (20) years in the Institutional Division of the Texas

Department of Criminal Justice for the arson. (2 R.R. 117).

## STATEMENT OF FACTS

The State challenges all factual assertions in the Appellant's brief pursuant to Tex. R. App. P. 38 and submits its account of the facts as follows and within its reply to Appellant's point of error.

## SUMMARY OF THE ARGUMENT

Appellant failed to preserve his sole issue on appeal. Further, both parties were given the opportunity to fully present their evidence and there is nothing to suggest the trial court failed to consider the same. Appellant's complaints entitle him to no relief on appeal.

## REPLY TO APPELLANT'S FIRST POINT OF ERROR

*Reviewing the record in its entirety including the trial court's comments, Appellant has failed to demonstrate that the trial court refused to consider any of the evidence or to fully consider the available punishment options, or in any way violated Appellant's due process rights.*

In his sole issue, appellant claims that he suffered a due process violation when the trial court refused to consider the entire range of punishment and refused to consider relevant evidence that mitigated his punishment. (App. Br. P. 8).

### Facts Relevant to Appellant's Claims on Appeal

Officer James Thompson with the Rosenberg Police Department testified to his role in the events that led to Appellant's arrest on January 18, 2012. (1 R.R. 9-40). After Thompson testified, the trial court inquired as to the necessity of the State presenting the facts of the offense to which Appellant had already pled guilty. (1 R.R. 40). The State explained that although Appellant had pled guilty and all of the papers to support the pleas were in order, that since there was more than one actor alleged to be involved in the case that the State felt it necessary to show Appellant's involvement. (1 R.R. 41-44). Once the State explained that it wanted to show the level of the Appellant's involvement and the desire to have the trial court hear from the victims, the trial court was satisfied and stated "go ahead and let's just see how

2

it goes", and for the remainder of the hearing allowed both parties to present their evidence through witnesses and exhibits. (3 R.R. 44-46). Appellant's attorney stated that he felt that "we should limit as much as we can." (1 R.R. 44). Following the prosecutor's explanation, the trial court continued the hearing and heard from ten witnesses including Appellant and admitted approximately 100 pages of exhibits including a 49 page report offered by Appellant. (3 R.R.). Appellant's counsel reviewed the PSI report and asked that several changes be made. (2 R.R. 23-28).

Appellant's claims that the trial court "refused to consider evidence of Appellant's mental health history, his abusive childhood, and the recent death of a very close friend which affected his mental state prior to the commission of the offenses" or that the trial court "failed to consider that Appellant is the father of two children and has a supportive family and job waiting for him" is entirely speculative and not supported the record when viewed in its entirety. (App. Br. P. 8, 12). Likewise, Appellant's statement that "it appears that the Court pre-determined its sentence before listening to either the State or Appellant" is unsupported by the record and Appellant fails to point to any place in the record to support his claim. (App. Br. P. 12). Finally Appellant's argument that the "State" pre-determined Appellant's punishment and failed to consider any mitigating evidence presents no error. (App. Br. P. 12). The record does reflect that Appellant was given a full

opportunity to present evidence. Throughout the hearing, the trial court remained engaged, asking for clarification regarding questions and answers propounded by both parties.

*Waiver*

In order to preserve error for appellate review, an appellant must make a timely and specific objection. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008). When " party fails to properly object at trial to constitutional errors at trial, these errors can be forfeited." *Clark*, 365 S.W.3d at 339. Appellant failed to present a timely request, objection, or motion to complain about any alleged violation of due process. *See* Tex. R. App. P. 33.1. Even claims involving constitutional rights are subject to waiver on appellate review if they are not preserved in the trial court. *See Jiminez v. State*, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000). This includes claims regarding due process and due course of law. *See Hull v. State*, 67 S.W.3d 215, 218 (Tex. Crim. App. 2002). Failure to timely present these complaints to the trial court resulted in a waiver of Appellant's complaints on appeal. Appellant never complained to the trial court that its conduct in any way violated his due process rights. Prior to pronouncement of sentence, when asked by the trial court if there was any reason as to why sentence should not be presented and why they should not be made final, Appellant gave no

4

reason or lodged any objection.  (4 R.R. 116).

***Argument and Authorities of the Merits of Appellant's claims***

A sentence imposed by the trial court is reviewed on appeal for an abuse of discretion.  *Buerger v. State*, 60 S.W.3d 358, 363 (Tex. App. - Houston [14ᵗʰ Dist.] 2001, pet. ref'd)(*citing Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim,. App. 1984).  Generally the sentence assessed will not be disturbed on appeal if it is within the proper statutory punishment range.  *Id.*

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law..." U.S. CONST. Amend. XIV, § 1.  The Due Course of Law provision in the Texas Constitution provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land."  Tex. Const. art. I, § 19.  The trial court violates a defendant's due process rights if it assesses a predetermined sentence, arbitrarily refuses to consider the entire punishment range, or refuses to consider the evidence when determining punishment.  *See Ex parte Brown*, 158 S.W.3d 449, 456-57 (Tex. Crim. App. 2005).  *McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983), *overruled on other grounds by DeLeon v. Aguilar*, 127 S.W.3d 1,5 (Tex. Crim. App. 2004).  "Absent a clear showing of bias, a trial court's actions will be presumed to

5

have been correct." *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *Steadman v. State*, 31 S.W.3d 738, 741 (Tex. App. - Houston [1ˢᵗ Dist.] 2000, pet. ref'd).

Despite appellant's claims, the record in the present case reflects that the trial court afforded Appellant a full hearing to present evidence on his behalf and there is nothing in the record to indicate that the trial court did not consider the evidence presented at the hearing. In fact, at the close of testimony and before closing arguments, the trial court stated: "Counsel, may I hear from each of you briefly in argument since I've read all of the instruments that have been filed and attentively listen to you." (2 R.R. 108). Notably, there was no objection or comment by Appellant disputing the trial court's statement.

Appellant has wholly failed to identify where the trial court's conduct violated his due process rights. Reviewing the record in its entirety including the trial court's comments, Appellant has failed to demonstrate that the trial court refused to consider any of the evidence or to fully consider the available punishment options, or in any way violated Appellant's due process rights. Appellant's point of error should be overruled.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** it is respectfully submitted that all things are regular and that this Court find no reversible error in Appellant's conviction, affirm the judgment and sentence in all things, and order execution of the judgment and sentence in accordance with the opinion of the Court.

Respectfully submitted,
**John F. Healey, Jr.**
District Attorney, Fort Bend County
268th Judicial District

 /s/    John J. Harrity, III
John J. Harrity, III
Assistant District Attorney
Fort Bend County, Texas
SBN # 09133100
John.Harrity@fortbendcountytx.gov
301 Jackson Street, Room 101
Richmond, Texas 77469
281-341-4460 (office)
281-341-8638 (fax)

**CERTIFICATE OF COMPLIANCE**

This is to certify that in accordance with Texas Rule of Appellate Procedure 9.4(i)(3), this State's Appellate Brief has been reviewed by the word count function in WordPerfect, and contains 2197 words in its entirety.

/s/   John J. Harrity, III
John J. Harrity, III

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to Appellant's attorneys of record, Michael W. Elliott, 905 Front Street, Richmond, Texas 77469 or via email at Mike @Elliotslaw.com, or via e-filing on the date of the filing of the  original with the Clerk of this Court.

/s/   John J. Harrity, III
John J. Harrity, III