*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# OPINION

No. 04-08-00806-CR

Ricke **SONY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 232446
Honorable Fred Shannon, Judge Presiding

Opinion by:    Marialyn Barnard, Justice
Concurring opinion by: Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice
            Marialyn Barnard, Justice

Delivered and Filed: November 11, 2009

AFFIRMED

A jury found Ricke Sony guilty of racing on a highway under section 545.420 of the Texas

Transportation Code ("the Code").  On appeal, Sony contends the statute violates his due process

and equal protection rights as guaranteed by the United States and Texas Constitutions.  Sony also

contends the trial court erred in refusing to: (1) grant his motion for directed verdict; (2) charge the

jury on the defense of necessity; and (3) suppress certain pictorial evidence. We affirm the trial court's judgment.

### BACKGROUND

Sony was arrested and charged by information with racing on a highway under section 545.420 of the Code. *See* TEX. TRANSP. CODE ANN. § 545.420 (Vernon Supp. 2008). The information alleged: "RICKE SONY did then and there participate as the driver and operator of a motor vehicle in a race, namely: the use of one or more vehicles in an attempt to outgain and outdistance another vehicle." Section 545.420 of the Code provides that a person may not participate in a race and defines "race" as:

> [T]he use of one or more vehicles in an attempt to:
> (A) outgain or outdistance another vehicle or prevent another vehicle from passing;
> (B) arrive at a given destination ahead of another vehicle or vehicles; or
> (C) test the physical stamina or endurance of an operator over a long-distance driving route.

*Id.* § 545.420 (a)(1), (b)(2).

At trial, Michael McFarland, the arresting officer, testified that on October 14, 2007, he was traveling south on Interstate 35 near Loop 1604 in his "aggressive driving vehicle," a silver Crown Victoria marked with "San Antonio Police Department" in letters that were similar in color to the vehicle. Officer McFarland told the jury he was patrolling the area for speeders and aggressive drivers. Officer McFarland stated he had been trained to spot vehicles that were racing or engaging in acts of reckless driving. According to Officer McFarland, racing vehicles do not have to travel at a certain speed, but only have to "try to outdistance one or the other[,]" and the majority of the cases he sees are instances where two vehicles are side by side with one"one trying to out distance the other."

Officer McFarland stated that in his rear view mirror, he observed a red Mazda RX7 ("the Mazda") traveling at a high rate of speed in the passing lane. He also saw a blue Dodge Neon ("the Dodge") traveling very fast in another lane behind the Mazda. The posted speed limit in the area was sixty-five miles per hour, and Officer McFarland testified his radar detector clocked speeds "somewhere in the nineties when [both cars] were first coming up passing the strip of [other] vehicles [on the interstate.]" Officer McFarland testified that eventually both vehicles were traveling side-by-side. As both vehicles accelerated, Officer McFarland stated that according to his radar detector, their speeds increased from ninety-five miles per hour to over one hundred miles per hour. When the vehicles approached Officer McFarland's vehicle, the Dodge got behind the Mazda. Officer McFarland testified he activated his emergency lights when the vehicles passed him, and both cars immediately hit their breaks and started slowing down. While Officer McFarland was not able to catch the Dodge, which continued south on Interstate Highway 35, he was able to stop the Mazda, which belonged to Sony. Officer McFarland said Sony admitted he was speeding, but claimed it was because the Dodge was "coming at me, at a really fast pace." Officer McFarland arrested Sony for racing.

Officer McFarland testified that after arresting Sony, he conducted an inventory search of the Mazda. He discovered several products that "looked after[-]market in appearance" and "were added on the vehicle." Several pictures of the after-market products were admitted into evidence, including: (1) a programmer used to change the shifting points; (2) a boost meter or a meter gage used to measure or monitor the amount of boost being added to the engine on high performance cars; (3) a radar detector; (4) after-market air filters used to increase the performance of a vehicle; and (5) enlarged pipes coming off the radiator and another part of the engine. Officer McFarland testified

that based on his experience in the aggressive driving unit, most people arrested for racing on the highway had additions to their car similar to the ones found on the Mazda.

At trial, Sony admitted he was speeding, but he testified he did not believe he was traveling over eighty-five miles per hour. Sony testified he was speeding in order to make the next exit after he missed the first one. Sony also testified that a blue Dodge was coming up very fast behind him, and he accelerated "to get the car off me." On cross-examination, Sony stated he did not realize the Dodge was traveling alongside him because he was "concentrating on the traffic directly in front of [him] and then looking for the exit." Sony also explained he was in the passing lane because he overreacted to missing his exit and was in a hurry to find another exit. Sony also admitted "reasonable people" might have thought he was driving unsafely, but he was not racing.

At the close of the evidence, the trial court read the charge to the jury. In relevant part, the charge stated:

1.

OUR LAW PROVIDES THAT A PERSON COMMITS THE OFFENSE OF RACING ON A HIGHWAY IF THE PERSON PARTICIPATES IN A RACE, THROUGH THE USE OF ONE OR MORE VEHICLES IN AN ATTEMPT TO OUTGAIN OR OUTDISTANCE ANOTHER VEHICLE.

2.

THE TERM "PARTICIPATES IN A RACE" INCLUDES PARTICIPATING AS THE DRIVER OR OPERATOR OF A MOTOR VEHICLE INVOLVED IN A RACE.

…

"RACING" MEANS THE USE OF ONE OR MORE VEHICLES IN AN ATTEMPT TO OUTGAIN OR OUTDISTANCE ANOTHER VEHICLE.

3.

NOW, IF YOU FIND FROM THE EVIDENCE BEYOND A REASONABLE DOUBT THAT ON OR ABOUT THE 14TH DAY OF OCTOBER, A.D., 2007, IN BEXAR COUNTY, TEXAS, THE DEFENDANT, RICKE SONY, DID THEN AND THERE INTENTIONALLY AND KNOWINGLY PARTICIPATE AS THE DRIVER OR OPERATOR OF A MOTOR VEHICLE TO OUTGAIN AND OUTDISTANCE ANOTHER VEHICLE, THEN YOU WILL FIND THE DEFENDANT GUILTY OF THE OFFENSE OF RACING AS CHARGED IN THE INFORMATION.

The jury found Sony guilty, and the trial court sentenced him to thirty days in jail and a $250.00 fine.

**DUE PROCESS CHALLENGE**

In his first issue, Sony contends section 545.420 of the Code is unconstitutional on its face. More specifically, he argues the statute is void for vagueness in violation of the Due Process Clause of the United States and Texas Constitutions.

The State counters that Sony failed to preserve this issue for appeal because Sony did not assert in the trial court that the statute was facially void or void as applied to him.

When challenging the constitutionality of a statute for vagueness, there are two types of challenges: (1) an "as applied" challenge, involving whether a statute is unconstitutional as applied to a defendant's particular conduct, and (2) a "facial" challenge, involving whether a statute is unconstitutional on its face. *Fluellen v. State*, 104 S.W.3d 152, 167 (Tex. App.—Texarkana 2003, no pet.).

Texas law is clear that an "as applied" challenge cannot be raised for the first time on appeal. *See, e.g., Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (holding appellant waived his challenge to statute as vague as applied because he did not specifically object at trial); *Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994) (holding that defendant must object at trial to preserve as applied challenge for appeal); *Fluellen*, 104 S.W.3d at 167 ("A constitutionality challenge based on application to the defendant's case cannot be raised for the first time on appeal."). Therefore, in order to preserve an as applied challenge for appeal, an appellant must specifically object at trial that a statute is unconstitutionally vague as applied to him. *See id*.

Moreover, now, a facial challenge can no longer be raised for the first time on appeal. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). Previously, relying on the decision in *Raab v. State*, 730 S.W.2d 751, 752 (Tex. Crim. App. 1987), numerous intermediate courts held a facial challenge could be raised for the first time on appeal. *See, e.g.*, *Barnett v. State*, 201 S.W.3d 231, 232 (Tex. App.—Fort Worth 2006, no pet.) ("[A] defendant may raise a constitutional challenge to the facial validity of a statute for the first time on appeal."); *Rodriguez v. State*, 71 S.W.3d 800, 802 (Tex. App.—Texarkana 2002, no pet.) (allowing defendant to raise facial challenge to validity of statute for first time on appeal); *McGowan v. State*, 938 S.W.2d 732, 741 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (indicating defendant is not required to object at trial when challenging facial constitutionality of statute). Recently, the court of criminal appeals held "a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Karenev*, 281 S.W.3d at 434.

Here, neither an as applied nor a facial challenge was preserved for appellate review. There is nothing in the record to establish Sony specifically asserted at trial that the statute was facially vague or vague as applied to him. While Sony suggests that his questioning of Officer McFarland regarding the arbitrariness of the enforcement of the statute is sufficient to preserve error, we disagree. *See* TEX. R. APP. 33.1(a)(1) (requiring grounds for objection to be made with sufficient specificity to make trial court aware of complaint). Because no specific, timely objection was made, this issue was not preserved for our review. *See Karenev*, 281 S.W.3d at 434; *Curry*, 910 S.W.2d at 496. Accordingly, we overrule Sony's due process challenge.

### EQUAL PROTECTION CHALLENGE

As part of his first issue, Sony also contends that section 545.420 of the Code is unconstitutional because the statute violates the Equal Protection Clause of the United States and

Texas Constitutions. Again, nothing in the record shows Sony asserted at trial a violation of his equal protection rights. Because Sony failed to make a specific or timely objection at trial on equal protection grounds, the issue was not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *see also Flores v. State*, 245 S.W.3d 432, 437 n. 14 (Tex. Crim. App. 2008) (highlighting that appellant waived equal protection claim when he neglected to raise issue at trial); *Steadman v. State*, 31 S.W.3d 738, 742 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (holding complaint that sentence violated equal protection was waived because of failure to object at trial). Accordingly, we overrule Sony's equal protection challenge, and his first issue.

## MOTION FOR DIRECTED VERDICT

In his second issue, Sony contends the trial court abused its discretion in denying his motion for directed verdict. Sony contends the evidence was legally insufficient to show he was racing, arguing the evidence established only that he was speeding.

We review a challenge to a trial court's denial of a motion for directed verdict the same as we would review a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). In determining the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to decide whether a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *See id*. The jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Moore v. State*, 935 S.W.2d 124, 126 (Tex. Crim. App. 1996). The jury may choose to accept or reject all or part of the testimony, and we must resolve any conflicts and inconsistencies in the evidence in favor of the jury's verdict. *Id.*; *Jennings v. State*, 107 S.W.3d 85, 88 (Tex. App. —San Antonio 2003, no pet.).

Section 545.420 of the Code provides that "a person may not participate in any manner in a race[.]" TEX. TRANSP. CODE ANN. § 545.420(a)(1). The jury charge tracked the language of section 545.420(b)(2) by defining racing as "THE USE OF ONE OR MORE VEHICLES IN AN ATTEMPT TO OUTGAIN OR OUTDISTANCE ANOTHER VEHICLE." *Id.* at § 545.420(b)(2) Officer McFarland testified Sony's Mazda and the Dodge were traveling over ninety miles per hour on Interstate Highway 35. According to Officer McFarland, the vehicles overtook other vehicles on the interstate and eventually were traveling side-by-side. Officer McFarland testified that when the vehicles were side-by-side, they accelerated, and Sony's speed increased from nintey-five to one hundred and one miles per hour. In addition to this testimony, the State presented evidence that Sony's vehicle had several high performance additions, which according to Officer McFarland, were commonly added to enhance a vehicle's overall performance. Although Sony testified he sped to get to the next exit and out of the Dodge's way, we must resolve any conflicts and inconsistencies in the testimony in favor of the jury's verdict. *See Moore*, 935 S.W.2d at 126*; Jennings*, 107 S.W.3d at 88.

We hold the State's evidence was sufficient to allow a rational jury to find Sony participated in a race, i.e., was using the Mazda to outgain or outdistance the Dodge. *See Williams*, 937 S.W.2d at 482; *see also* TEX. TRANSP. CODE ANN. § 545.420. Accordingly, the trial court did not abuse its discretion in denying Sony's motion for directed verdict. Sony's second issue is overruled.

### DEFENSE OF NECESSITY

Sony next contends the trial court abused its discretion in refusing to submit his request for an instruction on the statutory defense of necessity. The State contends, however, that Sony's issue is meritless because Sony did not offer any evidence to raise an inference that his conduct was immediately necessary to avoid any imminent harm. We agree.

A defendant is entitled to an instruction on each defensive issue raised by the evidence. *Walters v. State*, 247 S.W.3d 204, 209 (Tex. Crim. App. 2007). A defendant's testimony alone is sufficient to raise a defensive issue and as a result, to require an instruction in the jury charge. *Id.* at 209; *Hayes v. State*, 728 S.W.2d 804, 807 (Tex. Crim. App. 1982). When the evidence raises a defensive issue and the defendant properly requests an instruction on that issue, the trial court must submit the issue to the jury. *Darty v. State*, 994 S.W.2d 215, 218 (Tex. App.—San Antonio 1999, pet. ref'd). We review a trial court's decision to submit or refuse to submit an instruction under an abuse of discretion standard. *See id.* In addition, we review the evidence offered in support of a defensive issue in the light most favorable to the defense. *See Pennington v. State*, 54 S.W.3d 852, 856 (Tex. App.—Fort Worth 2001, pet. ref'd).

To raise the defense of necessity, the defendant must admit to committing the offense and then offer necessity as a justification. *Hubbard v. State*, 133 S.W.3d 797, 801 (Tex. App.—Texarkana 2004, pet. ref'd); *Pennington*, 54 S.W.3d at 857. Section 9.22 of the Texas Penal Code provides:

Conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

TEX. PENAL CODE ANN. § 9.22 (Vernon 2003). Under section 9.22(1), a defendant is required to present evidence that he reasonably believed a specific harm was imminent. *Id.* § 9.22(1); *Pennington*, 54 S.W.3d at 857. "Reasonable belief" means a belief that an ordinary and prudent man

would hold if he was in the same circumstances as the actor. *Id.* § 1.07(a)(42); *Pennington*, 54 S.W.3d at 857. Whether an accused's belief is reasonable is a question of fact and is viewed from the accused's standpoint at the time he acted. *Pennington*, 54 S.W.3d at 857. "'Imminent' means something that is impending, not pending; something that is on the point of happening, not about to happen." *Id.*; *Darty*, 994 S.W.2d at 218. "Harm is imminent when there is an emergency situation and it is 'immediately necessary' to avoid that harm." *Pennington*, 54 S.W.3d at 857.

Because Sony admitted speeding and therefore, sufficiently admitted to the conduct underlying the charged offense, Sony satisfied the admission element and may offer the defense of necessity to justify his conduct. *See Hubbard*, 133 S.W.3d at 801-802 (allowing a defensive instruction when defendant admitted at least some participation in the action underlying the offense charged); *Pennington*, 54 S.W.3d at 856. But, we still must determine whether Sony presented evidence that he reasonably believed his conduct was necessary to avoid imminent harm. *See* TEX. PENAL CODE ANN. §§ 1.07(a)(42), 9.22; *Pennington*, 54 S.W.3d at 857. Sony admitted he was speeding in an effort to get to the next exit. Although Sony testified he was accelerating in order to get out of the way of the fast approaching Dodge, he also testified he was oblivious to any car "on [him]," and he felt "in control the whole time" and was "definitely safe." After reviewing the record, we hold Sony's testimony does not show he reasonably believed he had to immediately speed to prevent any imminent harm from occurring. *See id.* Accordingly, we overrule Sony's third issue.

## ADMISSIBILITY OF PHOTOGRAPHS

Finally, Sony contends the trial court abused its discretion in admitting several photographs of enhancements made to the Mazda. According to Sony, the photographs were irrelevant under Texas Rule of Evidence 401, and more prejudicial than probative under Texas Rule of Evidence 403.

Sony contends because there is no relationship between evidence of vehicle enhancements and racing, the photographs were used to imply he was racing when he was only speeding.

The State first contends Sony failed to preserve the complaint that the photographs should have been excluded pursuant to Rule 403 for appeal. We agree.

The record reflects Sony did not object to the photographs based on Rule 403. Throughout the conversations regarding the admissibility of the photographs, the trial court, as well as Sony's defense counsel, discussed the issue surrounding the admissibility of the photographs in terms of relevance. When the State began introducing the exhibits, Sony's counsel asked if the jury could be excused. The court specifically asked, "Okay. Is the objection relevance?" Sony's defense counsel replied, "Yes." Upon request of the trial court, Officer McFarland began describing the significance of each of the photographs, and at one point, Sony's counsel stated, "Your Honor, my objection is very simple, unless he has relevant knowledge that that's an after-market item then he can't testify to that. He has no knowledge whatsoever if that's an after-market item or not." Based on the record before us, Sony raised only a Rule 401 complaint with regards to the photographs. Accordingly, Sony waived his Rule 403 complaint. *See* TEX. R. APP. P. 33.1(a)(1).

Whether a photograph is admissible under Rule 401 is within the sound discretion of the trial judge. *Shuffield v. State*, 189 S.W.3d 782, 786 (Tex. Crim. App. 2006). Texas Rule of Evidence 401 describes relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." TEX.R. EVID. 401; *Shuffield*, 189 S.W.3d at 786-87.

Here, the photographs showed images of high performance additions to the Mazda, including the type of engine and several after-market additions. Officer McFarland testified the additions were commonly added to high-performance vehicles owned by racers in San Antonio to enhance a

vehicle's overall performance. Based on Officer McFarland's testimony, the photographs were relevant to the alleged racing charge because the photographs had a tendency to make the determination that Sony was racing more or less probable by showing Sony's vehicle had high performance additions commonly used by racing vehicles. *See* TEX.R. EVID. 401.

Accordingly, we hold the trial court did not abuse its discretion in admitting the photographs and overrule Sony's fourth issue.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

PUBLISH