

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00324-CR

Pierre **ALFARO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court, Atascosa County, Texas
Trial Court No. 27479
Honorable Diana J. Bautista, Judge Presiding

Opinion by:  Sandee Bryan Marion, Justice

Sitting:  Karen Angelini, Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  March 6, 2013

AFFIRMED

A jury convicted Pierre Alfaro, appellant, of the offense of unlawfully carrying a weapon.
The trial court assessed punishment at one year of community supervision and a $1,000 fine.  In
his sole issue on appeal, appellant argues the evidence was insufficient to support his conviction.
We affirm.

## ANALYSIS

On March 8, 2010, Officer Matthew Miller passed by a small school bus parked on a
street as he was patrolling the neighborhood.  Miller testified that as he passed by, he saw a small

child's face in the window. Because it was around 11:00 p.m., Miller became suspicious and he turned around to investigate further. By the time Miller turned around, the bus was no longer where it had been parked. Miller caught up to the bus driving down the road and he signaled for the vehicle to stop. The bus pulled over, and Miller approached the driver's side window where he encountered appellant. Appellant told Miller he was the owner of the bus. Miller testified he noticed the odor of marijuana coming from inside the vehicle, and he then ordered the eight passengers off of the bus.

Miller proceeded to search the bus for marijuana. Although he did not find marijuana, he testified he located a revolver in a nylon holster that was strapped to the seatbelt of the driver's seat. He stated the revolver was in plain view because he could see it when he walked up the stairs onto the bus. Miller also stated that after discovering the weapon, he exited the bus and walked around to the driver's side and could see the revolver from outside the bus through the window. Miller then placed appellant under arrest for unlawfully carrying a weapon.

A person commits the offense of unlawfully carrying a weapon if the person intentionally, knowingly, or recklessly carries on or about his person a handgun in a motor vehicle that is owned by the person or under the person's control when the handgun is in plain view. TEX. PENAL CODE ANN. § 46.02(a-1) (West 2010). On appeal, appellant argues, specifically, the State (1) did not prove the firearm appellant possessed was a "handgun," and (2) did not demonstrate the firearm was "in plain view."

In reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). We look to whether the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.

Crim. App. 2007). Deference is given to the jury's credibility and weight determinations, and to their duty to resolve conflicts in the testimony. *Id*.

1. WAS THE FIREARM A HANDGUN?

Appellant first argues the State did not prove the firearm in question was a "handgun," which is defined by the Penal Code as "any firearm that is designed, made, or adopted to be fired with one hand." TEX. PENAL CODE § 46.01(5). The record demonstrates the weapon in question was referred to at trial as a "gun," a "firearm," a "revolver," and also a "handgun." Miller testified about the location of the gun on the bus and he also described the gun for the jury.

The gun was entered into evidence at trial. Sergeant Investigator Gary Wayne Stratton, a certified police firearms instructor, demonstrated for the jury how the gun fired using a pencil. Describing his method, Stratton stated:

> I squeeze [the trigger] to rotate the cylinder in time. I place the pencil in the barrel in line with the bore and everything, squeeze it and it makes the firearm come up.
> . . . .
> And as you can tell as I will pass this around and you can see the firing pin indication — indentions on the end of the pencil, which thus would discharge — which would ignite the cartridge and cause the projectile to be expelled through the barrel. You can see the indentions on the end of the pencil.

The jury saw the gun and saw the way in which it is operated. Additionally, the jury charge gave definitions of both a "handgun" and a "firearm." The witnesses' description of the weapon, along with Stratton's demonstration and the jury charge definitions, provided the jury with ample evidence to find the weapon was a "handgun" in accordance with Penal Code section 46.02.

2. WAS THE FIREARM IN PLAIN VIEW?

Next, appellant contends there was not sufficient evidence the gun was "in plain view." Miller testified he could see the gun in plain view strapped to the driver's side seatbelt when he walked onto the bus. Miller also testified he could see the gun from outside of the bus, looking

into the driver's side window.  Appellant testified in his defense at trial, stating the gun was not in plain view, but was in a holster in a box wrapped with tissue paper and inside of a bag.  He stated the box was marked "to Margarite," his grandmother, because it was a present for her birthday.  This was a conflict in testimony and, as such, we must defer to the jury's resolution. *Hooper*, 214 S.W.3d at 13.  We can infer from the verdict that the jury credited the testimony of Miller and found the gun was in plain view.  *See Sony v. State*, 307 S.W.3d 348, 354 (Tex. App.—San Antonio 2009, no pet.) ("[W]e must resolve any conflicts and inconsistencies in the evidence in favor of the jury's verdict.").

## CONCLUSION

Viewing the evidence in the light most favorable to the verdict, we conclude there was sufficient evidence for a rational juror to find appellant guilty of the offense of unlawfully carrying a weapon.  The judgment of the trial court is affirmed.

Sandee Bryan Marion, Justice

Do not publish