

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-11-00848-CR

Jesse **RAMON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR1131
Honorable Ron Rangel, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  March 27, 2013

AFFIRMED

Appellant Jesse Ramon was convicted of felony murder by a jury and sentenced to a term of forty years in the state penitentiary. On appeal, he claims that he was entitled to a special jury instruction on the issue of causation. Because the trial court correctly denied the proposed instruction, we affirm the court's judgment.

### PROCEDURAL & FACTUAL BACKGROUND

San Antonio Police Department Officer William Karman and a community volunteer were on a routine early morning patrol when they were directed toward a disturbance down the

road. They discovered Ramon and an accomplice kicking and beating James Whitehead, who was curled in a fetal position on the ground. When Officer Karman got out of his car, he almost immediately saw that Ramon had a gun in his hand and heard the men yelling at Whitehead to give them his money. The accomplice fled into a waiting vehicle, which drove off. Officer Karman stepped away from his vehicle, identified himself as a police officer, and repeatedly ordered Ramon to drop his weapon. Ramon did not comply. Instead, he turned around with the gun still in hand. Officer Karman testified that Ramon simultaneously approached and pointed his gun at him. Officer Karman fired his weapon five times, striking Ramon four times; ultimately, Whitehead was accidentally struck and killed by the fifth bullet. Ramon was charged with felony murder.

Ramon asked the trial court to instruct the jury that it could convict only if it found that Officer Karman's actions complied with portions of the Penal Code pertaining to the use of deadly force and self-defense. The trial court denied the requested instruction. Ramon was convicted and sentenced to forty years imprisonment. He appeals the denial of the requested jury instruction.

## STANDARD OF REVIEW

We review a trial court's refusal to submit a proposed jury instruction for abuse of discretion. *Sony v. State*, 307 S.W.3d 348, 354 (Tex. App.—San Antonio 2009, no pet.).

## JURY CHARGE LAW

To properly charge a jury, the trial court must deliver "a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The "law applicable to the case" includes any "statutory defenses, affirmative defenses, and justifications whenever they are raised by the

evidence." *Walters v. State*, 247 S.W.3d 204, 208–09 (Tex. Crim. App. 2007). Because only the Legislature has the authority to establish defenses to prosecution, a defense must be grounded in the Penal Code to merit a separate jury instruction. *Geisberg v. State*, 984 S.W.2d 245, 250 (Tex. Crim. App. 1998). Defensive theories that do no more than challenge the State's proof or version of the charged offense are not required to be submitted by special jury instruction. *Id*. at 251 (denying an instruction based on alibi defense); *see also Solomon v. State*, 49 S.W.3d 356, 368 (Tex. Crim. App. 2001) (denying instruction on independent impulse defense in conspiracy prosecution); *Ortiz v. State*, 93 S.W.3d 79, 92 (Tex. Crim. App. 2002) (denying instruction on defense theory that victim committed suicide).

### ANALYSIS

Ramon complains the trial court should have instructed the jury to acquit him if it found that Officer Karman's use of deadly force was not justified under sections 9.05 and 9.32 of the Penal Code. Those provisions govern whether an actor is justified in using deadly force against another. Ramon argues that, if the jury found Officer Karman's actions were not justified, Ramon could not be found to have "caused" Whitehead's death. Proximate cause would not exist because Ramon could not have anticipated Officer Karman's unjustified actions.

But the Penal Code provisions on which Ramon relies are inapplicable to his case. Chapter 9 of the Penal Code sets forth various affirmative defenses to criminal liability that a defendant may claim for otherwise criminal acts. TEX. PENAL CODE ANN. § 9.02 (West 2011) ("It is a defense to prosecution that the conduct in question is justified under this chapter."). Therefore, a defendant charged with homicide may concede all the elements of homicide, yet claim that his action was justified. Section 9.32 prescribes when an actor is justified in using deadly force in self-defense. TEX. PENAL CODE ANN. § 9.32 (West 2011). However, Ramon was the individual under prosecution, not Officer Karman. To be entitled to a charge under section

9.32, Ramon needed to show that *his own* actions were justified under that provision. His assertion that Officer Karman's conduct must be justified under this section is contrary to the plain language of the statute and without supporting authority. Section 9.05 also does not support the proposed instruction. That section provides criminal liability still exists for an action which would ordinarily be justified under chapter 9, if innocent bystanders are recklessly injured by it. TEX. PENAL CODE ANN. § 9.05 (West 2011). It does not provide an additional defense to prosecution.

Therefore, despite superficially referencing the Penal Code, Ramon's proposed instructions did not set forth or relate to a statutory defense, affirmative defense, or justification applicable to the case. *See Geisberg*, 984 S.W.2d at 251 (holding that appellant was not entitled to an alibi instruction because an alibi defense simply contends the appellant did not commit the crime); *Ortiz*, 93 S.W.3d at 92 (holding that defense theory contending victim committed suicide simply negated an element of the State's case). Nor did Ramon raise any evidence showing that he was acting in statutory self-defense when he aimed his gun toward Officer Karman.

Ramon's theory that Officer Karman's unjustified use of deadly force broke the chain of causation between his own conduct and Whitehead's death was simply a challenge to the State's proof of an element of the offense. *See Geisberg*, 984 S.W.2d at 250–51. The trial court's jury instruction encompassed his theory. The abstract portion of the charge stated that felony murder requires a defendant to "commit[] an act clearly dangerous to human life that causes the death of an individual." The application paragraphs further stated the jury could convict only if it found that

> Jesse Ramon advanced and pointed a deadly weapon, namely: a firearm, at or in the direction of peace officer William Karman causing William Karman to discharge his firearm at or in the direction of Jesse Ramon and a bullet fired by peace officer

> William Karman struck James Whitehead, thereby causing the death of James Whitehead.

Therefore, the issues of causation and the reasonableness of Officer Karman's actions were properly before the jury. *See Geisberg*, 984 S.W.2d at 250 (noting that the general jury charge left ample room for the defendant to argue his defense of alibi to the jury). Ramon's counsel was free to argue—and did so argue—to the jury that Officer Karman's use of his firearm in response to Ramon's action was so unreasonable that Ramon could not be found to have "caused" Karman's actions. No additional instruction was necessary or authorized by the Penal Code.

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

Do Not Publish