

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00042-CR

Keith **COLEMAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 425564
Honorable Jason Wolff, Judge Presiding

Opinion by:  Rebeca C. Martinez, Justice

Sitting:  Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  October 15, 2014

AFFIRMED

Keith Coleman appeals his conviction for assault-bodily injury, asserting the evidence presented at trial was legally insufficient to support the jury's finding of guilty beyond a reasonable doubt. We affirm the trial court's judgment.

**BACKGROUND**

On November 17, 2012, Antoine Thompson, the complainant, was with his girlfriend, Angela Hageman, at Thompson's parents' house.[1]  A friend of Thompson, Daniella Chavez, also came to the house.  The three decided to go to Chavez's house.  Hageman rode in Chavez's car, and Thompson drove his own car.

Upon their arrival at Chavez's house, they got out of the cars and started heading toward Chavez's home.  Chavez's mother was at the house and told Hageman and Thompson that they had to leave.  At that moment, Keith Coleman pushed past Hageman and hit Thompson several times with his closed fist.  Both Hageman and Thompson testified that Thompson did not try to fight back or defend himself; rather, he tried to reason with Coleman.  Nevertheless, Coleman continued to strike Thompson, until Thompson was eventually able to get up and get to his car.

Hageman and Thompson got into Thompson's car and drove to Christus Santa Rosa Hospital on Babcock Road.  A few hours later, they were referred to Brooke Army Medical Center, where Thompson spent the night.  Hageman documented Thompson's injuries by taking pictures using her phone's camera.  Thompson suffered three or four facial fractures, a broken nose, a broken eye socket, and his lip required stitches.

San Antonio Police Officer Matthew Brown met Hageman and Thompson at the first hospital.  Both witnesses identified Coleman as being Thompson's assaulter.  Upon interviewing Thompson and Hageman, Officer Brown named Coleman as a suspect.

---

[1]At trial, there were inconsistencies between Hageman's testimony and Thompson's testimony regarding whether they were together at Thompson's parents' house or Thompson's apartment.  Hageman testified they were together at Thompson's apartment, while Thompson testified they were together at his parents' house.  Thompson testified that in the months intervening the assault and the trial, he had been living with his parents, had his own apartment, and then was living with his parents again.

Coleman was charged with assault-bodily injury. At trial, the State's case mainly consisted of the testimony of: Hageman, Thompson, and Officer Brown, all of whom testified as set forth above. The State introduced several photographs of Thompson's injured face taken by Hageman at the hospital. The jury found Coleman guilty of assault-bodily injury, and the trial court sentenced him to 180 days in jail, plus a $2,000 fine and court costs. Coleman now appeals.

## ANALYSIS

Coleman contends the evidence is legally insufficient to support the jury's finding that he assaulted Thompson. The standard for reviewing sufficiency of the evidence in a criminal appeal is the *Jackson v. Virginia* legal sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Under this standard, we review all the evidence and reasonable inferences in the light most favorable to the jury's verdict, and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks*, 323 S.W.3d at 899. It is the jury's role to resolve conflicts in the testimony, assess credibility and weigh the evidence, and draw reasonable inferences from the basic facts to the ultimate facts. *Brooks*, 323 S.W.3d at 899. In conducting a sufficiency review, we defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). Further, the appellate court may not substitute its own judgment for that of the jury. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We must resolve any inconsistencies in the evidence in favor of the jury's verdict. *Sony v. State*, 307 S.W.3d 348, 354 (Tex. App.—San Antonio 2009, no pet.).

In order to convict Coleman of assault-bodily injury as charged in the indictment, the State had to prove that Coleman intentionally, knowingly, or recklessly caused bodily injury to another. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2014). "Bodily injury" means physical

pain, illness, or any impairment of physical condition. TEX. PENAL CODE ANN. § 1.07(a)(8) (West Supp. 2014). The evidence in support of the jury's finding that Coleman was the perpetrator of the assault comes from the trial testimony of Hageman and Thompson. Coleman contends, however, that the conflicting testimony of the State's main witnesses, Thompson and Hageman, renders the evidence legally insufficient. Specifically, Coleman argues that Thompson and Hageman are not credible because their testimony conflicted regarding: (i) when Hageman arrived at Thompson's home; and (ii) how long Chavez was at Thompson's home before they all left for Chavez's home.

Hageman testified that she arrived at Thompson's home in the morning of November 17, 2012, while Thompson testified that she had slept over the night before. Hageman additionally testified that Chavez stayed at the home for two hours, while Thompson testified she was only there for 20 to 30 minutes. This testimony resulted in a discrepancy as to the exact time that the assault occurred. These inconsistencies, however, do not go to the issue of whether or not Coleman committed the assault, but rather to the details of the events leading up to the assault. As the State points out, the record does not contain any inconsistencies as to whether Coleman assaulted Thompson or as to whether Thompson suffered bodily injury. It was the jury's role to assess the credibility of the witnesses, to resolve any conflicts in their testimony and to determine how much weight should be given to their testimony. *Adames*, 353 S.W.3d at 860; *Sony*, 307 S.W.3d at 354. Moreover, the jury was free to differentiate between peripheral events and material details of the assault. Viewing the evidence in the light most favorable to the verdict and deferring to the jury's credibility determinations, we hold the evidence is sufficient to support the jury's finding that

Coleman committed the offense of assault-bodily injury. We therefore affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH