

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00145-CR

MICHAEL BLAKE BOURNE                                             APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR11038

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michael Blake Bourne appeals from his conviction for aggravated assault with a deadly weapon and 28-year sentence. In a sole issue, Appellant argues that the trial court erred by admitting "voluminous inflammatory pictures" over counsel's objection. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

As part of a domestic dispute, Appellant repeatedly hit Danny Brock with a baseball bat after Brock allegedly attacked Appellant's girlfriend. At trial, five photographs of Brock's injuries taken soon after the incident were admitted into evidence without objection as State's Exhibits 19, 20, 21, 23, and 24 (the five photographs). Six photographs of Brock's injuries taken three days after the attack were also admitted into evidence as State's Exhibits 25, 26, 27, 28, 29, and 30 over Appellant's objection that the pictures were cumulative of other evidence and were "not relevant to the case at hand on the day in question" (the six photographs). On appeal, Appellant asserts that the six photographs were inadmissible because their probative value was outweighed by the prejudicial effect of their admission and because the photographs were cumulative. *See* Tex. R. Evid. 403.

The State first argues that Appellant's trial objection did not preserve his arguments under Rule 403. We agree that Appellant's "relevance" objection raised Rules 401 and 402, i.e., that the six photographs did not make the existence of any fact that is of consequence more or less probable and were therefore irrelevant and inadmissible. *See* Tex. R. Evid. 401–402. Appellant's trial objection did not alert the trial court that he was challenging the six photographs' prejudicial effect. *See Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014) ("The complaining party must [object] clearly enough for the judge to understand and at a time when the trial court is in a position to do something about it. . . . We are not hyper-technical . . . but the point of error on

appeal must comport with the objection made at trial."). Accordingly, Appellant forfeited his argument under Rule 403 that the six photographs' probative value was outweighed by their prejudicial effect. *See, e.g.*, *Sony v. State*, 307 S.W.3d 348, 355–56 (Tex. App.—San Antonio 2009, no pet.) (holding relevance objection to photographs at trial did not preserve appellate argument based on Rule 403). *See generally* Tex. R. App. P. 33.1(a); Tex. R. Evid. 103.

But Appellant specifically objected that the six photographs were needlessly cumulative of other evidence. Appellant again raises this argument on appeal. Appellant preserved his argument that the six photographs, although relevant, were impermissibly cumulative and, thus, inadmissible. *See* Tex. R. Evid. 403. We review a trial court's admission of evidence under an abuse-of-discretion standard, reversing only when the trial court's decision falls outside the zone of reasonable disagreement. *See Rodriguez v. State*, 203 S.W.3d 837, 841 (Tex. Crim. App. 2006); *see also Hays v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002).

Most of the six photographs showed three-day-old injuries to Brock's left elbow and side (State's Exhibit 25); head (State's Exhibit 26); left leg (State's Exhibit 27); back, left side, and left arm (State's Exhibit 29); and right leg (State's Exhibit 30). State's Exhibit 28 shows a wound on an unidentified body part, which Brock claimed was a knife wound sustained in the attack. The six photographs were not cumulative of the five photographs because they depicted the extent of Bock's injuries three days after Appellant's attack, while the five

3

photographs were of Brock's injuries the day of the attack. *See In re K.Y.*, 273 S.W.3d 703, 710–11 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Further, the six photographs accompanied testimony regarding the extent of Brock's injuries, which allowed the jury to assay the sponsoring witness's credibility. *See Chamberlain v. State*, 998 S.W.2d 230, 237 (Tex. Crim. App. 1999), *cert. denied*, 528 U.S. 1082 (2000). Therefore, they were not so cumulative that the six photographs were inadmissible. To the extent Appellant argues the photographs were cumulative because they were multiple pictures of the same injuries, we again disagree. Each of the six photographs showed a different injury Brock sustained, which mitigates against Appellant's cumulative argument. *See Matamoros v. State*, 901 S.W.2d 470, 476 (Tex. Crim. App. 1995); *Bacey v. State*, 990 S.W.2d 319, 326 (Tex. App.—Texarkana 1999, pet. ref'd).

We conclude the trial court did not abuse its discretion in admitting the six photographs into evidence. We overrule Appellant's sole issue and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 18, 2014

4