ACCEPTED
03-14-00579-CR
4328168
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/2/2015 11:08:04 AM
JEFFREY D. KYLE
CLERK

## No. 03-14-00579-CR

In the Third Court of Appeals
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/2/2015 11:08:04 AM
~~JEFFREY D. KYLE~~
Clerk

# PERRY PENNING,

*Appellant,*

## v.

# THE STATE OF TEXAS,

*Appellee.*

On appeal from the County Court-at-Law Number Seven,
Travis County, Texas
Trial Cause No. C-1-CR-12-209292

# STATE'S BRIEF

DAVID A. ESCAMILLA
TRAVIS COUNTY ATTORNEY

GISELLE HORTON
ASSISTANT TRAVIS COUNTY ATTORNEY
State Bar Number 10018000
Post Office Box 1748
Austin, Texas 78767
Telephone: (512)854-9415
TCAppellate@traviscountytx.gov

*March 2, 2015*               ATTORNEYS FOR THE STATE OF TEXAS

ORAL ARGUMENT IS NOT REQUESTED

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE STATE'S ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT

    *Reply Point One*: The trial court did not err in failing to
include a jury instruction on self-defense. . . . . . . . . . . . . . . . . . . . . . . 5

    *Reply Point Two*: The trial court did not err in failing to include
a jury instruction on the justification of necessity. . . . . . . . . . . . . . . . 5

        The trial court properly found that a reasonable view of
        Penning's testimony did not support the conclusion that
        Penning had admitted to intentionally and knowingly
        displaying a firearm. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# INDEX OF AUTHORITIES

**Statutes**                                                                                    **Page**

TEX. PENAL CODE § 9.22
    (West Supp. 2014) ........................................... 6

TEX. PENAL CODE § 9.31
    (West Supp. 2014) ........................................... 6

TEX. PENAL CODE § 42.01(a)(8)
    (West Supp. 2014) ........................................... 1


**Cases**

*Cornet v. State*, 359 S.W.3d 217
    (Tex. Crim. App. 2012) ...................................... 9

*Dewalt v. State*, 307 S.W.3d 437
    (Tex. App.—Austin 2010, pet. ref'd) ......................... 6

*Johnson v. State*, 650 S.W.2d 414
    (Tex. Crim. App. 1983) ...................................... 6

*Juarez v. State*, 308 S.W.3d 398
    (Tex. Crim. App. 2010) ............................... 1, 5, 6, 7

*Krajcovic v. State*, 393 S.W.3d 282
    (Tex. Crim. App. 2013) ...................................... 8

*Pennington v. State*, 54 S.W.3d 852
    (Tex. App.—Fort Worth 2001, no pet.) ....................... 6

*Shaw v. State*, 243 S.W.3d 647
    (Tex. Crim. App. 2007) ................................... 7, 10

*Sony v. State*, 307 S.W.3d 348
    (Tex. App.—San Antonio 2009, no pet.) ...................... 6

*Wilson v. State*, 777 S.W.2d 823
    (Tex. App.—Austin 1989), *aff'd*, 853 S.W.547
    (Tex. Crim. App. 1993) ...................................... 7


**Other Sources**

THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE
    (5th ed. 2014) .............................................. 7

## STATEMENT OF THE CASE

Penning was charged by information with the Class B misdemeanor offense of disorderly conduct by displaying a firearm on June 6, 2012. CR 7–8, 89.[1] A jury found him guilty of the offense on May 14, 2014. CR 92. Thereafter, Penning accepted the State's punishment offer, and, on May 22, 2014, the trial court sentenced Penning to 180 days' confinement in jail and a $2,000 fine, but suspended imposition of sentence and placed Penning on community supervision for two years. CR 93–95. Penning gave written notice of appeal on June 20, 2014. CR 99 .

## ISSUES PRESENTED

The confession and avoidance doctrine is satisfied—and self-defense and necessity instructions are required—when a reasonable view of the defendant's testimony would support the defendant's admission of the conduct and the required mental state. *Juarez v. State*, 308 S.W.3d 398, 401 (Tex. Crim. App. 2010). At trial, Penning categorically denied displaying

---

[1]    A person commits the offense of disorderly conduct by intentionally or knowingly displaying a firearm or other deadly weapon in a public place in a manner calculated to alarm. TEX. PENAL CODE § 42.01(a)(8) (West Supp. 2014).

1

his handgun, testifying instead that it remained in its holster, tucked inside his pants. 6 RR 106, 135–36. He also denied intending to display his handgun. Did the trial court err in refusing to include the requested self-defense and necessity instructions in the jury charge?

## BACKGROUND

Penning was charged with disorderly conduct after a road rage incident in which he stopped his car on Highway 183, got out, and displayed a handgun to Jerod Hill, another motorist. 5 RR 72–79.

Hill had attempted to merge into the right lane of traffic on the highway. 5 RR 27. Because other drivers did not let him merge, he was forced onto the shoulder, which was about to end several feet ahead. 5 RR 74. Penning and his wife drove past Hill without letting him in, forcing Hill to slam on his brakes to avoid hitting Penning's car or a guardrail. 5 RR 74.

Penning came to a standstill in the right lane of the highway. 5 RR 74. Yelling at Hill, he got out of his car and walked towards him. 5 RR 28. Hill reached for his cell phone. 5 RR 28. Penning pulled a gun on Hill and yelled, "If I do it, you're dead." 5 RR 35, 76. Both Penning and Hill fell

2

silent. 5 RR 28. Penning got back into his car. 5 RR 77.

Hill drove around Penning's car and exited the highway. 5 RR 77. Penning followed. 5 RR 77. When Hill realized that Penning was following him, he called 9-1-1 and ran a red light out of fear for his own safety. 5 RR 29. Penning continued to follow Hill for ten minutes before pulling into a gas station, where police eventually detained him. 5 RR 31, 125–26, 129.

Police handcuffed Penning and seized the handgun for safety reasons after they confirmed that he was armed, told him not to reach for his weapon, and saw him quickly move his arm toward the gun. It was loaded. 5 RR 92. They arrested Penning after Hill was brought to the scene and identified him. 5 RR 112.

Penning took the stand at trial. 6 RR 106–190. The first thing out of his mouth after he stated his name was, "I never displayed my handgun. Never." 6 RR 106. "I don't depend on showing it to anybody." 6 RR 107. In any event, he testified at trial that he did not intend to display his weapon. 6 RR 140. Penning explained that he generally avoids displaying his

weapon because he doesn't want anyone to know he is carrying a firearm. 6 RR 141.

At the close of evidence, defense counsel requested jury-charge instructions on self-defense, necessity, and public duty, which the trial court denied. 6 RR 195–97.

In two points of error, Penning contends that his testimony satisfied the confession and avoidance doctrine, and that the trial court therefore erred in denying his requests for jury instructions on self-defense and necessity.

## SUMMARY OF THE STATE'S ARGUMENT

Penning asks the Court to hold that a defensive justification may be raised by speculative defense testimony, but binding precedent forbids this. He also urges the Court to abandon common sense when viewing the rational inferences that arise from the evidence in question. The record shows that Penning did not affirmatively admit displaying the weapon, but merely speculated that someone might have seen about an inch of it. He also vehemently denied having the required mental state. On this

4

record, the confession and avoidance doctrine is not satisfied. The trial

court therefore did not err in refusing to include the requested self-defense

and necessity jury instructions in the jury charge.

## ARGUMENT

*Reply Point One*: **The trial court did not err in failing to include a jury instruction on self-defense.**

*Reply Point Two*: **The trial court did not err in failing to include a jury instruction on the justification of necessity.**

Penning contends that his testimony amounted to an admission

under the law, even though he denied displaying or intending to display

his weapon. He asks the Court to interpret "intentionally or knowingly

display" broadly, to include "manifesting or giving evidence of its

presence through gestures or bodily posture even if the gun is not in plain

sight." Penning's Brief, p. 11.

Under the confession and avoidance doctrine, before a criminal

defendant is entitled to a requested necessity or self-defense instruction,

he must first admit committing the offense **and** then offer a justification for

the misconduct. *Juarez v. State*, 308 S.W.3d 398 (Tex. Crim. App. 2010). To

5

receive a necessity instruction, a defendant must present evidence that he reasonably believed that his conduct was immediately necessary to avoid a specific, imminent harm. TEX. PENAL CODE § 9.22 (West Supp. 2014); *Johnson v. State*, 650 S.W.2d 414, 416 (Tex. Crim. App. 1983); *Dewalt v. State*, 307 S.W.3d 437 (Tex. App.—Austin 2010, pet. ref'd); *Sony v. State*, 307 S.W.3d 348 (Tex. App.—San Antonio 2009, no pet.); *Pennington v. State*, 54 S.W.3d 852 (Tex. App.—Fort Worth 2001, no pet.). To receive a self-defense instruction, the evidence must show that Penning reasonably believed that his use of force was immediately necessary to protect himself from Hill's use or attempted use of unlawful force. TEX. PENAL CODE § 9.31 (West Supp. 2014).

In *Juarez v. State*, 308 S.W.3d at 405–06, the Court of Criminal Appeals reaffirmed that, to be entitled to a necessity instruction, a defendant must admit both the act and the mental state. Although Juarez denied biting the officer intentionally, knowingly, or recklessly, he nevertheless admitted biting the officer because the officer had him on the ground and was causing him to suffocate. An intentional, knowing, or reckless biting

6

reasonably could have been inferred from the defendant's testimony.

*Juarez*, 308 S.W.3d at 405–06. The *Juarez* Court therefore held that the

defendant should have been given the requested necessity instruction.

Thus, under *Juarez*, the rule is that a requested instruction is required if a

reasonable view of the defendant's testimony would support the

defendant's admission of the conduct and the required mental state.

Whether the evidence raises a necessity defense so as to require a

jury instruction is require is a question of law. *Wilson v. State*, 777 S.W.2d

823, 825 (Tex. App.—Austin 1989), *aff'd*, 853 S.W.547 (Tex. Crim. App.

1993). In determining whether a defensive instruction is warranted, "a

court must rely on its own judgment, formed in the light of its own

common sense and experience, as to the limits of rational inference from

the facts proven." *Shaw v. State*, 243 S.W.3d 647, 658 (Tex. Crim. App. 2007).

**The trial court properly found that a reasonable view of Penning's testimony did not support the conclusion that Penning had admitted to intentionally and knowingly displaying a firearm.**

To intentionally or knowingly display means to intentionally or

knowingly present to view. THE AMERICAN HERITAGE DICTIONARY OF THE

7

ENGLISH LANGUAGE (5th ed. 2014). Nothing shows that Penning's tightening his shirt to **possibly** reveal the shape of the gun and holding his hand near his hip presented his weapon to view or caused it to be seen. *See* 6 RR 134–36. Viewed in the context of this record, Penning's testimony speculating that "less than half an inch of barrel and maybe a piece of holster" might have been seen was not an admission to presenting a firearm to view. Certainly his testimony did not admit to doing so intentionally or knowingly. 6 RR 141.

Rather than affirmatively admit the conduct and the required mental state, as the confession and avoidance doctrine requires, Penning offered only speculative testimony about what a "normal person" "most likely" would have thought. 6 RR 136–37. Evidence to support a defense "cannot be based on speculation or hypothetical 'what if' scenarios." *Krajcovic v. State*, 393 S.W.3d 282, 287 (Tex. Crim. App. 2013).

Penning's testimony denied that he engaged in the alleged misconduct. And he unequivocally denied having the requisite mental state.

8

DEFENSE COUNSEL: Did you intend to display your weapon when you put your hand on your hip?

PENNING: No. My intention was not to display my weapon. In fact, I didn't even display it. My weapon is still in the holster. About all you could -- if you want to call it display -- it's less than half inch of barrel and maybe a piece of holster, so that would be display. It don't even meet the criteria of display in the law.

6 RR 140–41. And, unlike *Juarez*, the requisite mental state cannot reasonably be inferred here.

Penning has failed to view the facts of this case through the lens of common sense. He has also misread *Cornet v. State*, 359 S.W.3d 217 (Tex. Crim. App. 2012) when he asserts that "where a defendant denies committing an element of the charged crime, but testifies to conduct that could be construed as commission of the element in the legal sense, he has 'essentially admitted' to it under the doctrine of confession and avoidance." Penning's Brief, p. 7. *Cornet* specifically did not reach that issue. *Id.* at 227.

Viewing the record in a defense-favorable light does not mean leaving common sense out of the picture, as appellate counsel would have

9

the Court believe. Common sense shows that Penning did not admit to displaying his gun with the required mental state. *See Shaw*, 243 S.W.3d at 658. Penning was trying to have it both ways; he denied committing the offense to avoid conviction, and at the same time he tried to admit just enough to be entitled to defensive instructions. The limited inference made in *Juarez* was commonsensical. Here, however, Penning's testimony was not only highly contradictory but also highly speculative. Inferring an admission of intentional display from that testimony would exceed the bounds of common sense. To reward Penning now with a reversal for new trial would encourage dodgy trial testimony, undermine the policy behind the confession and avoidance doctrine, and leave trial courts without any true guidance.

## PRAYER

For these reasons, the Travis County Attorney, on behalf of the State of Texas, asks this Court to overrule Penning's points of error and affirm the judgment of conviction for disorderly conduct.

Respectfully submitted,

DAVID A. ESCAMILLA
TRAVIS COUNTY ATTORNEY

_____
Giselle Horton
Assistant Travis County Attorney
State Bar Number 10018000
Post Office Box 1748
Austin, Texas  78767
Telephone: (512)854-9415
TCAppellate@traviscountytx.gov

ATTORNEYS FOR THE STATE OF TEXAS

## CERTIFICATE OF COMPLIANCE

Relying on Corel WordPerfect's word-count function, I certify that this document complies with the word-count limitations of TEX. R. APP. P. 9.4. The document (counting all relevant parts under TRAP 9.4(i)(1)) contains 2338 words.

_____
Giselle Horton

## CERTIFICATE OF SERVICE

I certify that I have sent a complete and legible copy of this State's Brief via electronic transmission, to Ms. Connie Kelley, at warrentucker@grandecom.net on or before March 2, 2015.

_____
Giselle Horton
Assistant Travis County Attorney

12