

NUMBER 13-13-00627-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**NOE ADRIAN SALINAS,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

**On appeal from the 214th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion by Chief Justice Valdez**

Appellant, Noe Salinas, appeals his conviction by a jury of the offense of capital murder in which the State did not seek the death penalty. *See* TEX. PENAL CODE ANN. § 19.03(a)(7) (West, Westlaw through 2015 R.S.). The trial court assessed appellant's punishment, in accordance with article 37.071 section 1 of the Texas Code of Criminal Procedure, at life imprisonment without parole. *See*

TEX. CODE CRIM. PROC. ANN. art. 37.071 § 1 (West, Westlaw through 2015 R.S.). By one issue, appellant contends that his life sentence violates the Eighth and Fourteenth Amendments of the United States Constitution. We affirm.[1]

## I.    CRUEL AND UNUSUAL PUNISHMENT

The Eighth Amendment to the United States Constitution prohibits the government from inflicting cruel and unusual punishment against a criminal defendant. *See* U.S. CONST. amend. VIII. The Texas legislature has determined that when a criminal defendant is convicted of capital murder, the defendant is subject to either the penalty of death or life imprisonment without the possibility of parole. *See* TEX. PENAL CODE ANN. § 12.31(a) (West, Westlaw through 2015 R.S.). If the State chooses not to seek the death penalty, there is no penalty phase of the trial during which the defendant may present mitigating evidence; instead, by statute, the trial judge is required to automatically impose a life sentence, which is what the trial court did in this case after the jury found appellant guilty of capital murder. *See* TEX. CODE CRIM. PROC. ANN. art. 37.071 § 1.

By his sole issue, appellant argues that this mandatory sentencing scheme violates the cruel-and-unusual-punishment prohibition of the Eighth Amendment because it prevented him from raising the issue of "sudden passion" to mitigate his life sentence—a defense which appellant contends the evidence at his trial would have supported had he not been statutorily deprived of a punishment trial.[2] The

---

[1] As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them except as necessary to explain the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] "Sudden passion" is a mitigating circumstance to the offense of murder that, if proven by a defendant, reduces the punishment range for the offense from a first degree felony to a second degree felony. *See* TEX. PENAL CODE ANN. § 19.02(d) (West, Westlaw through 2015 R.S.). By statute, the mitigating circumstance of sudden passion is only available to a murder defendant—

2

State contends, among other things, that appellant waived this issue because he did not raise a proper objection in the trial court.  We agree with the State.

In general, a challenge to the constitutionality of a statute cannot be made for the first time on appeal.  *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that a facial challenge to constitutionality of statute could not be made for first time on appeal); *Sony v. State*, 307 S.W.3d 348, 352 (Tex. App.—San Antonio 2009, no pet.) (citing *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995)) (holding that an "as applied" challenge to constitutionality of statute could not be made for first time on appeal); *see also Kaizer v. State*, 13-11-00566-CR, 2013 WL 3009742, at *6 (Tex. App.—Corpus Christi June 13, 2013, pet. ref'd) (mem. op., not designated for publication); *Pena v. State*, No. 13-14-00120-CR, 2014 WL 4161562, at *5 (Tex. App.—Corpus Christi Aug. 21, 2014, no pet.) (mem. op., not designated for publication).  Here, appellant did not object to the constitutionality of his automatic life sentence at trial; therefore he has waived the issue for our review.  *See* TEX. R. APP. P. 33.1(a).

But even were we to reach the merits of appellant's constitutional challenge, we note that the United States Supreme Court has held that a state sentencing scheme that calls for an automatic sentence of life imprisonment without parole does not constitute cruel and unusual punishment within the meaning of the Eighth Amendment.  *See Harmelin v. Michigan*, 501 U.S. 957, 994 (1991); *see also Buhl v. State*, 960 S.W.2d 927, 935–36 (Tex. App.—Waco 1998, pet. ref'd) (holding that

not a capital murder defendant, such as appellant, whose punishment is fixed at automatic life imprisonment without parole.  TEX. CODE CRIM. PROC. ANN. art. 37.071 § 1 (West, Westlaw through 2015 R.S.); TEX. PENAL CODE ANN. § 12.31(a)(2) (West, Westlaw through 2015 R.S.).

3

automatic life sentence under article 37.071 did not violate defendant's Eighth Amendment or due process rights); *Lopez v. State*, No. 13-12-00306-CR, 2013 WL 6924169, at *11 (Tex. App.—Corpus Christi Dec. 30, 2013, pet. ref'd) (mem. op., not designated for publication). We therefore overrule appellant's sole issue.

## II. CONCLUSION

We affirm the judgment of the trial court.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of October, 2015.